AUGUSTUS F. KNIGHT vs. PATRICK NASH.

March 23, 1876.

Appeal—Order Appointing Receiver in Supplementary Proceedings.—An order made upon a disclosure in proceedings supplementary to execution, directing the assignment of certain claims belonging to the judgment debtor, and

appointing a receiver to collect the same, is an appealable order under Gen. St. ch. 86, ¿ 8.

Supplementary Proceedings—Affidavit.—An affidavit made and filed for the purpose of procuring an order for an examination of a judgment debtor in such proceedings is not defective in omitting to state the nature of the relief sought.

Same—Debts due Judgment Debtor from City.—A debt due from a municipal corporation to a judgment debtor, even though denied by the corporation, may be reached by a final order upon disclosure, directing the transfer of the claim, and appointing a receiver to collect it for the benefit of the creditor. The rule that a debt due from a municipal corporation cannot be reached by process of garnishment has no application to an order of this character.

Judgment having been entered in the district court for Ramsey county in favor of plaintiff and against defendant, and an execution on the judgment having been returned unsatisfied, an order for the examination of the defendant was granted on plaintiff's application, pursuant to which order the defendant was examined, and disclosed the facts stated in the opinion. Thereupon a receiver was appointed by order of *Wilkin,* J., from which order the defendant appealed.

*Smith & Egan,* for appellant.

*I. V. D. Heard,* for respondent.

CORNELL, J. The order appealed from herein is "an order upon a summary proceeding in an action after judgment," affecting a substantial right of the appellant, and is appealable under Gen. St. ch. 86, § 8.

The order for the examination of the judgment debtor was granted upon the motion of the attorney of the judgment creditor, based upon the files and records of the court in the action, and plaintiff's affidavit, by which it was made to appear that the requisite facts existed which authorized the issuing of the order under Gen. St. ch. 66, § 299. The point that the affidavit did not disclose the nature of the relief sought is of no importance whatever. That appeared from the motion founded upon it, and the other records in the cause.

The disclosure made by the judgment debtor upon his

examination fully supports the finding of the district judge—that the city of St. Paul is indebted to defendant in divers sums of money, growing out of the construction of a cistern on Ramsey street, and also a cistern on Commercial street, against which demands, as is claimed by him, the city has, or claims to have, certain offsets, though insufficient in amount to satisfy such indebtedness, upon which there is a balance due him, however; but how much it is impossible to determine until the alleged offsets are adjusted with the city, by suit or otherwise.

Upon this finding the judge made the order appealed from, directing said debtor to give plaintiff an order upon the city for the payment of his judgment out of any moneys owed by it to said debtor on account of said claims, in default of which the order is to operate as an assignment of the claims to plaintiff, who was appointed as a receiver, to adjust and collect the same, etc.

To this order appellant interposes several objections, which may be classed under the following heads: (1) That said claims had their origin in work done for the city by the defendant, under a parol contract, void by the charter as not being in writing, and therefore incapable of being enforced by the receiver. (2) That the order was improvidently granted, both because of the nature of the claim and the character of the city as a municipal corporation.

As to the first objection, that is a matter which the judgment debtor is not at liberty to raise in these proceedings. No one but the city can raise it, and for aught that appears it may never do so.

Regarding the second ground of objection, the statute expressly authorizes the judge to make an order, not only directing such property of the judgment debtor as is not exempt from execution, in the hands of either himself or any other person, to be applied toward the satisfaction of the judgment, excepting certain specified earnings of the debtor, but also any property due to such judgment debtor.

Gen. St. ch. 66, § 304.    Section 306 of the same chapter provides that if a person or corporation, alleged to have property of the judgment debtor, or to be indebted to him, claims an interest in the property adverse to him, or denies the debt, such interest or debt is recoverable only in an action against such person or corporation by the receiver; and § 305 provides for the appointment of such receiver. It seems clear from these provisions that a debt due to the debtor, even though denied by the party or corporation against whom it exists, may be reached by the final order in proceedings of this character, and that a receiver may be appointed, with adequate powers to collect the same.

The rule that a debt due from a municipal corporation cannot be reached by process of garnishment, and the reasons upon which it is founded, have no application to an order of this kind.    The order simply operates as an assignment of the debt, with the like force and effect, so far as concerns the city, as though such assignment had been voluntarily made by the judgment debtor, and the city can deal with the receiver, in respect to the demand, with as little inconvenience and embarrassment as with a voluntary assignee; and it can hardly be claimed that the debtor could not assign his demand against the city without regard to the city's wishes in the premises.

If, as is claimed, there are other parties having some claim or interest in the moneys due from the city to the judgment debtor, the order in no way interferes with their rights, as it is only Nash's claim against the city that is transferred.

Order affirmed.