MICHAEL ROELLER *vs.* ALBERT A. AMES.

January 21, 1885.

**Supplementary Proceedings—Salary of Municipal Officer.**—The salary of an officer of a municipal corporation due him from the corporation cannot be reached by proceedings supplementary to execution by the creditors of the officer.   Public policy forbids that any legal proceedings on the part of creditors should be allowed to intervene, so as to either directly or indirectly interfere with the payment of the salary of a public officer directly to himself.   The fact that the municipal corporation is not made a party to the proceedings does not affect the rule. *Knight* v. *Nash*, 22 Minn. 452, distinguished.

Appeal by plaintiff from an order of the district court for Henne-

pin county, *Young,* J., presiding, refusing to appoint a receiver in a supplementary proceeding.

*Robinson & Bartleson,* for appellant.

*J. W. Cochran,* for respondent.

MITCHELL, J.   Proceedings supplementary to execution were instituted against defendant, and an order served on him on the 7th of April, 1884, requiring him to appear before the court on the 12th of April, and disclose concerning his property, and enjoining him, meanwhile, from making any disposition of property not exempt.   From the disclosure it appeared that defendant had been mayor of the city of Minneapolis for two years; that his term of office expired April 8th; that his salary as mayor was $1,000 a year; that the salary for the last quarter, ($250,) although not due or fully earned until April 8th, had been voted to him by the city council, and a warrant for the amount, on the city treasurer, directed to be drawn a day or two before the order in these proceedings was served on defendant; but the warrant had not in fact been issued or delivered to him.   On this disclosure plaintiff asked for an order appointing a receiver to take charge of the warrant, and directing defendant to assign it to the receiver, which the court refused to do, and plaintiff appealed.

Numerous authorities hold that municipal corporations and their officers are exempt from garnishment, for the reason that otherwise public officers would be constantly harassed by such process, and compelled to be absent from their offices in attendance on court, to the serious interference with the performance of their official duties. This was decided to be the law in this state at an early date.   *McDougal* v. *Supervisors Hennepin Co.,* 4 Minn. 130, (184.)   The reason assigned for this rule would apply to all cases, without reference to the character of the fund or claim sought to be reached by the garnishment; but, of course, would have no application to the present proceeding, which is against the defendant alone.   But it has also been often held that the salary of a public officer due him from a municipal corporation cannot be reached or intercepted by his creditors by legal process.   The reason assigned for this is, in substance, that municipal corporations are auxiliary to the state government; that their officers are public servants, employed to perform public

duties; that the public have a right to fill these offices by the selection of the most suitable men ; that these officers are usually dependent on their salaries for the support of themselves and families; that the efficiency of their services, or even their remaining in the public service, may depend upon the prompt payment of their salaries, and the certainty that they will receive them when due. Hence, if creditors can step in by any legal proceedings and prevent the payment of salaries directly to the officers in person, and divert the money to the satisfaction of their claims, the public service would suffer by impairing its efficiency, and perhaps depriving the public of the service of men whom it would be desired to retain.

This is not an exemption in favor of the officer, but a rule for the protection of the public. It will be observed that the doctrine rests upon an entirely different reason from that assigned for exempting municipal corporations from garnishment, and is entirely independent of the question whether the corporation or its officers are made parties to the proceedings. But as the attempts of creditors to reach the salaries of public officers have usually been by garnishment, both reasons have often been given by courts for dismissing the proceedings, and sometimes the two have been confounded, or at least not properly distinguished, in the citation of authorities. See *Mayor of Mobile* v. *Rowland*, 26 Ala. 498; *Clark* v. *School Com'rs*, 36 Ala. 621; *Divine* v. *Harvie*, 7 T. B. Mon. 439; *Buchanan* v. *Alexander*, 4 How. 20; *Burnham* v. *City of Fond du Lac*, 15 Wis. 193; *Merwin* v. *City of Chicago*, 45 Ill. 133; *Hightower* v. *Slaton*, 54 Ga. 108; *Holt* v. *Experience*, 26 Ga. 113; *Mayor of Baltimore* v. *Root*, 8 Md. 95.

Dillon,—Mun. Corp. § 101, (65,)—in referring to the conflict of authorities as to whether municipal corporations are exempt from garnishment, suggests as the proper rule, when the question is left entirely open by statute, "that on principle a municipal corporation should be exempt from liability of this character with respect to its revenues and *the salaries of its officers;* but that where it owes an ordinary debt to a third person, the mere inconvenience of having to answer a garnishee summons furnishes no sufficient reason for withdrawing it from the reach of the remedies which the law gives to creditors of natural persons and private corporations." The latter part of this

suggestion is, of course, contrary to the rule established in this state ; but it is very evident that, in the opinion of the learned author, there is much more force in the considerations of public policy against allowing the salary of a public officer to be intercepted by a creditor, than in those against subjecting a municipal corporation to the inconvenience of responding to garnishee process.

Our conclusion, arrived at from considerations of public policy, is that the unpaid salary of a public officer cannot be thus reached by his creditors, either by garnishment, attachment, or supplementary proceedings. No proceedings can be allowed to intervene, and either directly or indirectly interfere with the right of the corporation to pay the salary directly to the officer. The case of *Knight* v. *Nash*, 22 Minn. 452, is not in conflict with this. The claim there ordered assigned to the receiver was not the salary of an officer, but a debt due a contractor, and hence strictly within the rule suggested by Dillon. Some of the authorities we have cited would bring even that case within the rule, but we are not inclined to extend its application beyond the salaries of public officers properly so called.

Counsel suggests that at the time of the disclosure defendant had ceased to be mayor, and had no further duties to perform to the public, and hence no considerations of public policy then existed why his salary should not be applied to pay plaintiff's judgment. We think this makes no difference. Of course, the principle is the same whether the proceedings are commenced one day or months before the expiration of the term of office. And if creditors can do this, provided they fix the return-day after the expiration of the term of office, the salary in the mean time being tied up by the usual injunction order, it would result in an evasion of the rule, and produce all the evils which it was intended to prevent.

Order affirmed.