## RIGGIN *v.* HILLARD.

Opinion delivered October 22, 1892.

1. *Conventional subrogation—None in favor of stranger.*

> In the absence of an agreement to that effect, express or implied, one who furnishes to a contractor materials to be used in the re-

pair of a court house will not be subrogated to the latter's right to proceed against the county.

2. *Equitable garnishment—Practice.*

A suit in equity to subject the debt of a third person to the extinguishment of the plaintiff's demand against his debtor is an equitable garnishment, within the meaning of the act of March 31, 1887 ; and if the defendant debtor is insolvent, the suit may be prosecuted without showing a judgment at law followed by a fruitless execution.

3. *Claims against county—Equitable garnishment.*

While a county is not subject to the ordinary process of garnishment, yet, in equity, when the interest of the public will not be injuriously affected, the claim of an insolvent creditor of the county may be subjected, by sale or compulsory assignment thereof, to the payment of his debts.

Appeal from Jefferson Circuit Court in Chancery.
JOHN M. ELLIOTT, Judge.

STATEMENT BY THE COURT.

The appellant filed his complaint against Hilliard, and against Owen as county judge of Jefferson county, alleging, to quote from the appellant's abstract, the following state of facts :   " Owen, as county judge of Jefferson county, entered into a written contract with Hilliard for repairing and reconstructing the court-house of said county, according to which Hilliard was, at his cost, to repair and reconstruct the building and to furnish all material used in the work, for which the county was to pay him $21,700, payments to be made as the work progressed, but 15 per cent. of each monthly estimate of the work done and the materials used was to be reserved and held back until ten days after the completion of the building.

" Hilliard was personally to superintend the execution of the work, and was not to assign any part of the contract without the consent in writing of Owen, which consent was never given, and he executed a bond to Owen, as such county judge, with sureties, conditioned, among other things, that upon the completion of the

building he would deliver possession of it free from any incumbrance or claim for labor or materials.

"Hilliard employed W. Fleet Jones to do the carpenter's work, and the plaintiff, in accordance with an agreement with Hilliard and upon his promise to pay him for the same, furnished part of the material used by Jones, and as the materials were furnished he presented the bills therefor, certified to be. correct by Jones, to Hilliard, and he paid him 85 per cent. of the several amounts, except the last estimate, of which he paid no part, leaving an aggregate amount due the plaintiff of $419.40, which Hilliard, after the completion of the building, refused to pay."

It was further alleged that Hilliard was insolvent, and that the plaintiff would be wholly defeated in the collection of his claim unless he could collect it out of the funds in the hands of the county judge.

The prayer was for a personal judgment against Hilliard ; for a decree declaring a lien on the fund in the hands of the county judge to the amount of plaintiff's demand, for a restraining order against the county judge prohibiting him from paying to Hilliard the fund claimed by plaintiff, and for general relief. The court issued the restraining order ; Hilliard interposed a general demurrer to the complaint, which was sustained by the court ; the restraining order was dissolved ; the plaintiff rested; and the complaint was dismissed.

A motion to reinstate the injunction against the county judge *pendente lite* was made here when the appeals were perfected, but the relief was denied upon grounds that do not affect the questions now presented. See *McFadden* v. *Owens*, 54 Ark. 118.

*W. T. Woolridge* and *W. M. Harrison* for appellant.

Appellant has an equitable lien on the funds appropriated by the county court, and has a right to be subrogated to the extent of the balance due Hilliard. Story,

Eq. secs. 506, 1201, 1207a, 1217, 1219, 1231, 1232, 1235, 1237; Bisph. Eq. sec. 351; 31 Ark. 387; see Sheldon on Subrogation, secs. 1, 11, 222; Pomeroy's Equity, secs. 186, 1400, 1416, 1419; Harris on Subrogation, secs. 1, 22; Wood on Insurance, Title, "Subrogation"; Story, Eq. sec. 499; 16 Ark. 232; 18 Ark. 86; *ib.* 508; 31 Ark. 411; 35 Penn. St. 111, 117; 2 Dev. Eq. 147.

*Met L. Jones* also for appellant.

The complaint is good as a creditor's bill, either under general equity jurisprudence, or the act of March 31, 1887. The object is to reach equitable interests not subject to levy or garnishment or sale at law. Pom. Eq. sec. 1415; 20 Johns. 554; 10 Md. 466; 10 Gill. & J. 226. It is not now necessary to proceed to judgment, before filing a creditor's bill. Act March 31, 1887; 4 Jones, Eq. 352; 46 Mo. 95. See also 128 U. S. 105.

*N. T. White* and *Crawford & Taylor* for appellee.

1. Appellant had no lien on the court house, or the funds in the hands of the county judge. 49 Ark. 94; Phillips on Mech. Liens, sec. 179, 179a; Mansf. Dig. sec. 2999; 60 Pa. 27; 105 N. Y. 139.

2. The county cannot be garnished. 51 Ark. 387.

3. No case of subrogation is made. Sheldon on Subrogation, sec. 3 and cases.

4. Appellant was not a party to the contract or bond, and has no right to sue upon it. 53 Ark. 503; 54 *id.* 424.

COCKRILL, C. J., after stating the facts as above set out.

It is conceded that the court house is exempt from the operation of the statute governing mechanic's liens, and that the statute does not create any claim or lien in appellant's favor upon the fund which the county has set apart to pay for the repairs.

The contention is that the appellant shows a right to equitable subrogation to the right of Hilliard to pro-

1. No subrogation in favor of stranger.

ceed against the county for the collection of an amount equal to his claim against Hilliard. But the relation of the parties to each other is not such as to invoke the application of that doctrine.

The appellant, according to his allegations, has sold to the appellee, upon his personal credit alone, materials to be used in repairing a court-house.

In the absence of a statute giving him a lien, he is in no better condition than if he had loaned the contractor money to carry out his contract with the county in making the repairs ; but it is settled that the loan of money to a debtor to discharge his obligation does not entitle the lender to be subrogated to securities which the creditor held for the enforcement of the obligation. *Rodman* v. *Sanders*, 44 Ark. 504 ; *Kline* v. *Ragland*, 47 *id.* 118 ; *Steamboat White* v. *Levy*, 10 *id.* 411 ; Sheldon on Subrogation, sec. 243.

If there had been an agreement between the parties that the plaintiff should receive pay for his materials from the county out of the fund due Hilliard, the contractor, for repairs, or if the agreement could be implied from the conduct of the parties, the plaintiff would be entitled to subrogation by reason of his contract ; but that would be conventional subrogation, which is more nearly akin to assignment than to subrogation by operation of law. There is no allegation in the complaint that there was an agreement between the appellant and Hilliard for subrogation. No foundation is laid therefore for conventional subrogation.

The claim of one whose materials are used in the construction or repair of a building is more meritorious than that of the contractor who has used the materials in the construction and refuses to pay for them. Such claims have preference in general by statute. It would doubtless work an equitable result if the legislature would make claims for materials and labor furnished in

the erection or repair of public buildings a lien upon the fund to be paid therefor, superior to the claim of the contractor.    Laborers and material-men could then divert the course of the payments, which would otherwise go to the contractors, into their own hands, by virtue of the statutory subrogation.   But where there is no legislation and no contract to affect the status of the the parties, the simple relation of debtor and creditor exists between the material-man and contractor, and the former can resort only to the remedies common to such creditors for the collection of their debts.

The question, then, is, does the plaintiff, a simple contract creditor, state facts entitling him to equitable relief against his debtor?

The county is not sued.   It is conceded that the statute does not authorize suit in the circuit court against a county, and that it could not be made a party to this suit.   The complaint alleges that the materials were furnished to Hilliard, through his agent, upon Hilliard's express promise to pay for them, and that the account is due and unpaid.   That was a statement of a cause of action for a personal judgment against Hilliard.   It alleges also that Hilliard is insolvent, that the county is indebted to him, and, in effect, that unless he gets his pay out of the amount due by the county, nothing can be collected.

A court of law could not reach the debt due by the county, because a county is not subject to garnishment. *Boone County* v. *Keck*, 31 Ark. 387.

It is the peculiar province of equity to reach interests of a debtor, which cannot be seized under legal process, when its aid is invoked by a judgment creditor who has exhausted his legal remedies without effect.   But the act of March 31, 1887, dispenses with the necessity of a previous judgment as a condition to obtaining equitable relief under a creditor's bill.   It provides that "in

2.  Practice as to equitable garnishments.

suits to set aside fraudulent conveyances, and to obtain equitable garnishments, it shall not be necessary for the plaintiff to obtain judgment at law in order to prove insolvency, but in such cases insolvency may be proved by any competent testimony, so that only one suit shall be necessary in order to obtain the proper relief." Acts 1887, p. 193. The object of the act was to dispense with the useless delay and expense incident to obtaining a judgment which it is known in advance will prove fruitless. Courts of equity had already begun to relax the rule requiring a judgment and execution and return of *nulla bona* to show that the legal remedy was inadequate. The statute runs in that line; it is remedial, and should receive a liberal construction to effect the object designed by it.

Every equitable proceeding wherein a remedy is devised to apply the debt of a third person to the extinguishment of the plaintiff's demand against his debtor is a suit for an equitable garnishment. That is the object of the plaintiff's suit; and as the complaint alleges that the debtor is insolvent, and that no relief could be obtained at law, the statute dispenses with the necessity of a previous judgment. Taking the allegations of the complaint as true, the plaintiff has laid the foundation for a creditor's suit, and the question is, can the debt due by the county to the plaintiff's debtor be subjected to the payment of his demand?

3. Claim against county subject to equitable garnishment.

The case of *Boone County* v. *Keck*, 31 Ark. *sup.*, holds that public policy forbids that counties should be subjected to the process of garnishment, unless the legislature certainly evinces the intention to grant the use of the process against them. It is there ruled, as we have seen, that our statute does not extend the remedy against counties. The reasons of policy ordinarily assigned for withholding garnishment process against counties and other municipal corporations are, "the inconvenience and

impolicy of interfering with the operations of municipal bodies, by drawing them into controversies with which they have no concern, and diverting the public moneys from the channel in which   *   *   *   they are required to flow." Drake on Att. sec. 516.

The argument as to the impolicy of drawing the county into a litigation with which it has no concern has no application in this case, because there is no litigation against the county. It is not made a party to the suit. But the objection to diverting the public funds from the channel to which they have been turned by public authority exists when the cause arises in equity just as it does at law. But the remedies of equity are not fixed and unbending, like the legal process of garnishment; and if the court can ascertain that no inconvenience can result to the public by its interference with the corporation's right to pay the debt directly to its debtor, there is nothing to prevent the court from doing so.

In Minnesota, as in this State, a municipal corporation cannot be reached by the process of garnishment, but it is there held that, in a suit like this, a defendant who is the county's creditor may be compelled to assign his demand against the county to a receiver to be collected and applied to the satisfaction of the plaintiff's demand, where no reason of policy intervenes. *Knight* v. *Nash*, 22 Minn. 452.

The Supreme Court of Georgia intimate, but do not decide, that they would approve the practice, under like circumstances. *Dotterer* v. *Bowe*, 84 Ga. 769.

A similar, though not identical, practice was approved by the Supreme Court of the United States in the case of *Smith* v. *Bourbon County*, 127 U. S. 105.

In Missouri, the statute expressly prohibited the use of the writ of garnishment against a municipal corporation, but the Supreme Court of the State held that it did not protect the debt against a creditor's suit in equity to

apply it to the payment of his demand. *Pendleton* v. *Perkins*, 49 Mo. 565. The same conclusion was reached in *Speed* v. *Brown*, 10 B. Monroe, 108.

In the case of the *Bank of Tennessee* v. *Dibrell*, 3 Sneed, 379, a creditor's bill seeking to subject the salary of a State official to the payment of his debts was disallowed. But the case is in harmony with the principle underlying those already cited. The reason given by the court for the decision is that "the functions of government might be suspended" by the loss of efficient servants if the State were not permitted to pay salaries directly to her officers. See *McMeekin* v. *State*, 9 Ark. 553; *Roeller* v. *Ames*, 33 Minn. 132; 28 Am. Law Reg. p. 285. The remedy is allowed in no case where it is adjudged that the public will be injuriously affected.

It follows that relief should be granted to the plaintiff unless public policy intervenes in some way.

The complaint alleges that the debt is due upon a contract to repair a court-house. The courts commonly concur in holding that public policy forbids any interference between the county and its contractor under such circumstances if the work is still in progress, for the interference would tend to retard the occupancy of the building. But here the complaint alleges that the work has been completed. There is no longer any public interest to be subserved by withholding payment from the contractor, and no reason for withholding the debt from the reach of the remedy in this sort of proceeding. Judge Dillon goes further, and expresses the opinion that in such a case the ordinary process of garnishment should be allowed against a municipal corporation. 1 Dillon's Municip. Corp. sec. 101; *City of Laredo* v. *Nalle*, 65 Tex. 359. But the case of *Boone County* v. *Keck*, 31 Ark. *sup.*, is opposed to the view that the legal process of garnishment can be used against a county in any case. For the same reason, it was held in that case that a county

could not be made to respond to a creditor's suit supplementary to execution. Nothing else was involved or determined in the case. It was a suit directly against the county; the plaintiff's judgment debtor was not a party to it, and the only relief asked was against the county. In the case at bar the plaintiff's debtor is the party against whom relief is sought, and the county is not sued. Therein lies the cardinal difference between the cases.

The complaint states a cause of action against Hilliard, and shows a right in the plaintiff to subject the debt due by the county to the satisfaction of his demand. That can be accomplished under proper orders of the court—as by a sale or compulsory assignment of the debt for the purpose of applying the proceeds to the satisfaction of any judgment which the the plaintiff is entitled to recover.

The demurrer ought therefore to have been overruled. The judgment will be reversed, and the cause remanded with directions to overrule the demurrer.

It is so ordered.