CHARLES W. SEXTON v. SEBA S. BROWN.

May 25, 1898.

Nos. 11,016—(116).

**Garnishment—Fees of Surveyor General.**

   The fees of the surveyor general for the performance of his official duties are not subject to garnishment.

   Appeal by plaintiff from an order of the district court for Hennepin county, Simpson, J., discharging Mississippi & Rum River Boom Company, as garnishee. Affirmed.

   *Welch, Hayne & Hubachek*, for appellant.

   *John B. Atwater*, for respondents.

MITCHELL, J.

   A surveyor general of logs and lumber is a public officer whose compensation consists of fees to be paid by those for whom he performs services, and the sole question in this case is whether such fees are subject to garnishment. We are of opinion that the case is controlled by Roeller v. Ames, 33 Minn. 132, 22 N. W. 177, and Sandwich Mnfg. Co. v. Krake, 66 Minn. 110, 68 N. W. 606.

   The decisions in those cases do not rest upon any question as to the character of the garnishee or as to the source from which the officer receives his fees, but upon the ground that it is against public policy to permit the salary or compensation of a public officer for the performance of his official duties to be intercepted by garnishment or other legal process before the money reaches his hands, for the reason that it would tend to impair the efficiency of the public service. This reason applies with equal force, whether the compensation of the officer consists of a fixed salary or a scale of fees for specific services, and whether his compensation is payable directly out of the public treasury or by those for whom the services are immediately performed. The fact that his compensation is paid by the particular parties for whom the services are performed, and the further fact that only a part of the public immediately require his services, do not render these services any the

less public in their nature.    The entire public has an interest in the proper performance of the duties of the office.

What would be the result if the duties of the office were all personal, and had to be performed by the surveyor general in person, so that the fees allowed by law would all be for his own individual services, we need not inquire.    We take judicial notice of the fact that the greater part of the services in scaling logs is done by deputies, assistants and employees whose compensation has to be paid by the surveyor general out of the fees allowed by law, so that he is, in a sense, a mere trustee of at least a part of the money derived from fees for the benefit of his deputies and assistants.    It can be readily seen how they might be deprived of their compensation, and that the public service might thereby be interfered with, if the fees of the office could be intercepted by garnishment.    Such a case, at least, is fully covered by the former decisions of this court.

Order affirmed.