JAMES E. ORME v. WILLIAM KINGSLEY and Another.

July 1, 1898.

Nos. 11,079—(213).

**Salary—Public Officer—Exemption from Process.**
> The salary of a public officer cannot be intercepted, in the hands of the state or the municipality whose officer he is, by legal process or proceedings in favor of his creditors.

**Same—After Expiration of Term.**
> This rule is not changed by the fact that such proceedings were not commenced until after the expiration of his term of office.

Proceedings supplementary to execution in the district court for

Ramsey county. On the disclosure, which was made after the termination of defendant's term as building inspector for the city of St. Paul, it appeared that he had a claim for $1,400 against the city of St. Paul for a balance of salary for each month from January 10, 1896, to January 10, 1898. From an order, Kelly, J., denying plaintiff's motion for the appointment of a receiver for this property, plaintiff appealed. Affirmed.

*W. P. Westfall* and *Humphrey Barton*, for appellant.

To hold that the exemption still exists after respondent has gone out of office is to make the exemption something more than one of public policy, and it would thereby become an exemption for the benefit of the officeholder himself. Such an exemption would be for the benefit of the debtor to an equal extent with the exemptions provided for by statute, and would render inoperative the constitutional provision providing for exemptions. Const. art. 1, § 12; In re How, 59 Minn. 415.

*A. E. Bowe* and *E. J. Darragh*, for respondent.

No proceedings can be allowed to intervene, and either directly or indirectly interfere with the right of the municipality to pay the salary directly to the officer. Roeller v. Ames, 33 Minn. 132. A rule cannot be so unstable and fickle in its operation as the contention of counsel for appellant would make this rule.

MITCHELL, J.

The plaintiff sought, by proceedings supplementary to execution, to reach, for the satisfaction of his judgment, a balance due, or claimed to be due, from the city of St. Paul to the judgment debtor, William Kingsley, for salary as building inspector.

We have repeatedly held that the salary of a public officer cannot be reached by his creditors by legal process. Roeller v. Ames, 33 Minn. 132, 22 N. W. 177; Sandwich Mnfg. Co. v. Krake, 66 Minn. 110, 68 N. W. 606; Sexton v. Brown, 72 Minn. 371. This doctrine is founded on reasons of public policy, which may be all summed up in the general proposition that any other rule would interfere with the efficiency of the public service.

It is sought, however, to distinguish this from former cases by

the fact that these proceedings were not commenced until after the defendant's term of office had expired, and he had ceased to be an officer. It is argued that under such circumstances it could not possibly affect the efficiency of the public service to permit the salary remaining due the defendant to be intercepted by legal process, and, as the reason for the rule has ceased to exist, the rule itself no longer obtains.

It is quite noticeable that, so far as we can discover, none of the courts which hold with us that the salary of a public officer cannot be intercepted by legal process in favor of his creditors, have laid any stress upon the question whether the person was still an officer, or had ceased to be such before the process was issued. Indeed, we have not found any case where the question was alluded to, and in some of the cases it does not appear what the fact was.

It seems to us that the attempted distinction is merely one of degree, and not of principle. To permit money due as salary to a public officer to be intercepted by legal process after the party had gone out of office could not, of course, affect or change the character of his past services, but such a rule might prejudicially affect the public service generally. The services of public officers are usually not paid for until after they have been performed. They are, as a rule, paid for at stated periods,—as, for example, monthly. There must be almost necessarily the lapse of some time between the expiration of a term of office and the payment of the last instalment of salary, during which, according to the plaintiff's contention, it would be subject to be intercepted by legal process. The fact that this could be done might interfere with the right of the public to fill offices with the most suitable men, regardless of their financial condition, and might also affect unfavorably the character of the services of the incumbents of public offices,—at least towards the close of their terms of office. We can also conceive of abuses to which it might lead, where the power of removal from office at discretion is vested in some superior officer or body.

It may be, and probably is, an open question whether, under existing conditions, the immunity of the salaries of public officers from legal process benefits or injures the public service; but the doctrine is too firmly established to be overturned by the courts,

73 M.—10

and, as long as it obtains, we can see no reason founded on principle for the distinction for which the plaintiff contends.

Order affirmed.