ANNIE MITCHELL v. GEORGE MILLER.[1]

May 26, 1905.

Nos. 14,395—(80).

**Garnishment of Public Corporation.**

In view of chapter 96, Laws 1901, providing that salaries and wages of officers and employees of counties, cities, towns, etc., shall be subject to garnishment, attachment, and execution, the case of McDougal v. Board of Supervisors, 4 Minn. 130 (184), is overruled, and it is *held* that a public corporation is subject to garnishment when it owes an ordinary debt to a third person.

Appeal by defendant from an order of the district court for Clay county, Baxter, J., denying a motion to vacate and set aside garnishment proceedings instituted by plaintiff against the city of Moorhead, a municipal corporation. Affirmed.

*James M. Witherow* and *Barnett & Richardson,* for appellant.
*C. A. Nye* and *Christian G. Dosland,* for respondent.

LEWIS, J.

Plaintiff, having commenced an action against defendant to recover the value of certain services performed, garnished the city of Moorhead, and defendant appeals from an order of the trial court denying his motion to vacate and set aside the garnishee proceedings.

Having come to the conclusion upon the merits that the municipality is subject to garnishment, we have assumed jurisdiction, without deciding whether the order vacating and setting aside the garnishment is appealable. The assertion by defendant that the trial court acquired no jurisdiction, for the reason that the parties were nonresidents of the state, is without merit, and does not call for any discussion; nor can any weight be attached to the claim that the state court should not assume jurisdiction because the judgment out of which the indebtedness from the garnishee to defendant arose was obtained in the federal court. We are not aware of any principle upon which the state court should refuse its aid to collect claims growing

[1] Reported in 103 N. W. 716.

out of judgments recovered in the federal court, conceding that the indebtedness in question was in the form of a judgment. However, it clearly appears from the record that the indebtedness was the result of an agreement of the parties, and reduced to a specific amount by stipulation, although it originated in a judgment.

The principal question in the case is whether, in view of the decisions of this court, and later legislative expression, public corporations shall be subject to the process of garnishment where the indebtedness runs directly to the debtor. It has several times been held by this court that the salary of an officer of a municipal corporation cannot be intercepted, in the hands of the municipality whose officer he was, by legal process or proceedings in favor of his creditor. The rule was extended to proceedings supplementary to execution by the creditors of the officer in Roeller v. Ames, 33 Minn. 132, 22 N. W. 177, and Sandwich Mnfg. Co. v. Krake, 66 Minn. 110, 68 N. W. 606, and was not changed by the fact that such proceedings were not commenced until after the expiration of the term of office. Orme v. Kingsley, 73 Minn. 143, 75 N. W. 1123. The rule applied, also, when the compensation was in the nature of fees for the performance of official duties. Sexton v. Brown, 72 Minn. 371, 75 N. W. 600.

As will be disclosed by an examination of the decisions, public corporations have been exempt from this process with respect to its employees upon the ground of inconvenience and interference with the public service. As noted by Mr. Dillon (1 Dillon, Mun. Corp. § 101, note) in several states the subject is regulated by statute, and there is great conflict of views as to the application of the rule of public policy. In Maryland the statute authorizes the garnishment of any person or persons whatsoever, corporate or sole; and yet it was held that, upon the grounds of public policy, municipalities were not included. In New Hampshire it was held to the contrary, under a less positive statute, and also in Iowa. In Pendleton v. Perkins, 49 Mo. 565, the court held that money in the city treasury belonging to an absconding debtor could be reached by a bill in equity, notwithstanding a statute exempting municipalities from garnishment. The Montana court has refused to follow the public policy doctrine. Water-

bury v. Board, 10 Mont. 515, 26 Pac. 1002. See also City of Laredo v. Nalle, 65 Tex. 359.

While the decisions of our own court above cited refer to the service and process of garnishment wherein was involved either salary or fees of public officers, our attention has been called to only one case where the rule is applied when the indebtedness ran directly from the municipality to the debtor. McDougal v. Board of Supervisors of Hennepin County, 4 Minn. 130 (184). The court applied the general rule, without discussing the distinction; and the case is referred to in Roeller v. Ames, supra, but not necessarily approved, and Mr. Dillon's remarks on the subject are quoted: "On principle, a municipal corporation is exempt from liability of this character with respect to its revenues and the salaries of its officers, but that, where it owes an ordinary debt to a third person, the mere inconvenience of having to answer as garnishee furnishes no sufficient reason for withdrawing it from the reach of the remedies which the law gives to creditors of natural persons and of private corporations."

In the absence of legislative expression, it would probably not be advisable, in view of the decision of McDougal v. Board of Supervisors of Hennepin County, supra, to make a distinction between those cases where the salaries and fees of public officers are concerned, and where the indebtedness is owing by the municipality direct to the debtor. But by chapter 96, p. 101, Laws 1901, the legislature declared so sweepingly against the rule of public policy with reference to employees of public corporations that it is difficult, upon any sound basis of reasoning, to sustain the doctrine in any respect. By that act the legislature expressly provided that the salaries and wages of officers and employees of counties, cities, towns, villages, school districts, and departments of either thereof, should be subject to garnishment, attachment, and execution. In thus deliberately making so radical a change in a rule of law which had become so well settled, we must assume that the legislature acted advisedly, and intended to strike at the very root of the doctrine. In this connection, see Portsmouth v. Sanford, 97 Va. 124, 33 S. E. 516, and City of Laredo v. Nalle, supra.

Order affirmed.