Ross, Disbursing Agent, *v.* Rich.

4-7900                                           194 S. W. 2d 297

Opinion delivered May 13, 1946.

*Guy E. Williams,* Attorney General, and *Cleveland Holland,* Assistant Attorney General, for appellant.

*Heartsill Ragon, Ben McCray, Thomas Gaughan, A. R. Cooper* and *Crumpler & O'Connor,* for appellee.

Smith, J. A writ of garnishment issued out of the Saline Circuit Court, which recited that one Sam Rich had obtained a judgment in the circuit court of Saline

county on March 22, 1944, in a suit for damages, against Mrs. Med Bursey, in the sum of $120, with costs of the suit, which judgment remains unsatisfied. It was further recited that Dr. T. T. Ross, as disbursing agent for the Arkansas State Board of Health, is indebted to the defendant, Mrs. Bursey, or has in his hands and possession certain moneys, credits and effects belonging to her.

The sheriff of the county was therefore commanded to summon the said Dr. Ross, as disbursing agent for the Arkansas State Board of Health, to appear in 20 days after the service of the writ, and answer what credits, moneys, or effects he has in his hands or possession belonging to Mrs. Bursey, to satisfy the judgment aforesaid.

Dr. Ross answered as follows:

"Comes now Dr. T. T. Ross, Disbursing Agent of the State Board of Health for the State of Arkansas, and for his answer herein states:

"1. That in his individual capacity he does not owe the defendant, Mrs. Med Bursey, any amount whatever, and he does not have in his possession or control any goods, chattels, moneys, or credits of any kind belonging to the said Mrs. Med Bursey.

"2. That the said Mrs. Med Bursey is an employee of the State of Arkansas, being an employee of the State Board of Health; and that her salary is one hundred forty dollars ($140) per month; that the State of Arkansas now owes her for services rendered salary for the month of October in the sum of one hundred forty ($140) dollars, less withholding tax due to the Federal Government.

"3. The garnishee further states that all funds under his control as Disbursing Agent for the Arkansas State Board of Health are public funds belonging to the State of Arkansas; and that he is required and has given a bond to the State of Arkansas under which he is required to faithfully account for all public moneys coming into his possession or control and whereunder he is made

liable if he should unlawfully pay out or expend any of said funds; and that he further states that under the Constitution of the State of Arkansas such funds are not subject to garnishment and that he cannot legally disburse said funds under the writ of garnishment herein; and that he therefore declines to pay said money into court under said writ of garnishment."

The cause was heard in the circuit court on these pleadings, from which the court found that the judgment against Mrs. Bursey was unsatisfied, and that so much of the salary due her, less the Federal withholding tax, as was necessary to satisfy said judgment, should be impounded, and paid into the registry of the court. Act 44 of the acts of 1945 is cited as authority for the court's judgment, and from that judgment is this appeal.

This Act 44, approved February 14, 1945, consists of three sections, and reads as follows:

"Section 1.  Any indebtedness, goods and chattels, moneys, credits or effects belonging to a defendant in a civil action and in the hands or possession of the State of Arkansas, any subdivision thereof, institution, department, special district or instrumentality of the State of Arkansas, shall be subject to garnishment as is now provided by law.

"Section 2.  Any writ of garnishment sued out in pursuant hereto shall be served upon the individual representing the State of Arkansas, subdivision thereof, institution, department, special district or instrumentality of the State of Arkansas, who has such indebtedness, goods and chattels, moneys, credits, or effects in his custody and he shall answer such writ and satisfy the garnishment as now provided by law.

"Section 3.  A writ of garnishment shall be sued out pursuant hereto only after judgment."

For the reversal of the judgment based upon this Act 44, it is insisted that the act is unconstitutional, as violative of § 20, Art. 5 of the constitution which reads as follows: "The State of Arkansas shall never be made

defendant in any of her courts.'' It is argued that this act is violative of the state's public policy as declared in former opinions of the court, and so it may be, but even so, it must be remembered that courts do not make the state's public policy. It is their function to declare what it is, while the power inheres in the General Assembly of the state to declare what shall be the public policy of this state.

In the case of *Wilson* v. *Walters,* 19 Cal. 2d 111, 119 P. 2d 340, the Supreme Court of California said: ''The declaration of public policy is essentially a legislative function and although the courts occasionally invade that field, a declaration by the legislature is paramount.'' In that opinion it is further said: ''Making it possible for a judgment creditor to realize upon the obligations justly owed by his debtor is certainly a sound and just policy. It cannot be said to be detrimental to the public interest to expect the same integrity and duty with respect to satisfying his judgment obligations of a constitutional officer as of any other officer or any other person. To draw the implication that the Constitution, by creating an office, thereby exempts the salary of the incumbent from payment of his debts, it is necessary to assume a condition will exist that is more imaginary than real. It would have to be accepted that by merely permitting his salary to be garnished his effectiveness in office will be destroyed, and that the office so created will be to an extent, at least, impaired and destroyed. That assumption is manifestly highly speculative and conjectural. In this connection it is worthy of note that by a process of reasoning quite analogous with that urged by defendant, it was long the rule that the salary of a state officer or employee was not subject to federal taxation and vice versa. See *Collector* v. *Day,* 11 Wall. 113, 20 L. Ed. 122; *McCulloch* v. *Maryland,* 4 Wheat 316, 4 L. Ed. 579. The basis of that rule was implied from the United States Constitution on the theory that the power to tax involved the power to destroy, and that one sovereignty could not impair the exercise by the other of its powers, and that a taxation of the salaries of employees or officers, of one

by the other, would have that result. The premise has been abandoned by the Supreme Court of the United States and is no longer the law.''

It cannot, therefore, be said that the act is violative of the state's public policy.

It is further, and more earnestly insisted, that the act permits what is in effect a suit against the state. If it does, it is unconstitutional. It was definitely decided in the case of *Watson* v. *Dodge*, 187 Ark. 1055, 63 S. W. 2d 993, that it was beyond the power of the General Assembly to authorize the maintenance of a suit against the state, it being there said that ''. . . it is perfectly evident that it was the purpose of the framers of the Constitution of 1874 to withdraw all power and authority theretofore existing in the Legislature to grant permission for the state to be sued by individuals or corporations in her courts.'' We therefore proceed to a consideration of the question, whether this is a suit against the state.

Certainly the state was not named as a party defendant, but this omission is not the test to apply in the determination of that question. It would be a suit against the state although the state was not named, as a party, if its purpose and effect was to impose some obligation upon the state. But has it done so?

The judgment defendant is an employee of the State Board of Health, and Act 99 of the Acts of 1945 made the appropriation for the maintenance of this department. This appropriation is disbursed on vouchers drawn by the disbursing agent of the State Board of Health, which, after a preaudit by the Comptroller's office, are delivered to the Auditor of State, upon whose warrants payment of the salaries of the employees are made by the State Treasurer. The disbursing agent of the department is under a bond conditioned that he shall be liable for issuing or approving any voucher for salary, or wages, unless there has been an express appropriation.

Here the salary of the judgment defendant, which has been impounded. was for services which had been

rendered, and the salary is now due, and it is no concern of the state as to whom payment shall be made, unless indeed by paying it to someone other than the employee who performed the service, the orderly administration of the state's business had been, or will be impaired, and its public policy thereby contravened. But as we have shown, this is a question for the General Assembly and not for the court.

In the case of *Bull* v. *Ziegler*, 186 Ark. 477, 54 S. W. 2d 283, it was said: "We have held, in several cases, that where contracts have been fully completed for certain governmental agencies, and nothing remains to be done except to pay the contract price due the contractor, the creditors of such contractor, if he be insolvent, may, by equitable garnishment, impound the money due him and subject it to the payment of their demands against him. The following are cases of this kind: *Henslee* v. *Mobley*, 148 Ark. 181, 230 S. W. 17; *Riggin* v. *Hilliard*, 56 Ark. 476, 20 S. W. 402, 35 Am. St. Rep. 113. See, also, *First Nat. Bank* v. *Mays*, 175 Ark. 542, 299 S. W. 1002. These cases appear to have no application to the facts in this case."

The theory on which these cases were decided, was that while the governmental agency was engaged in the performance of the work for which it had been created, the agency was not subject to garnishment, yet when the work was completed the agency was no longer concerned in the distribution of money which had been earned in the progress of the work, and therefore equitable garnishment might be maintained.

These cases stem from the case of *Plummer* v. *School Dist. No. 1 of Marianna*, 90 Ark. 236, 118 S. W. 1011, 134 Am. St. Rep. 28, 17 Ann. Cas. 508, where an insolvent contractor had completed his contract to erect a school building, and an equitable garnishment was sued out against the school district. In sustaining the garnishment Judge Wood there said: "In *Boone County* v. *Keck*, 31 Ark. 387, this court held that public municipal corporations are not subject to the process of gar-

nishment. The court said: 'Public policy, indeed public necessity, requires that the means of public corporations, which are created for public purposes with powers to be exercised for the public good, which can contract alone for the public, and whose only means of payment of the debts contracted is drawn from the corporators by a special levy for that purpose, should not be diverted from the purposes for which it was collected, to satisfy the demands of others than the parties contracted with.' This was said in a case where the interests of a county were involved. But the rule and the reason for it are the same in the case of a school district. So that the appellants were remediless at law to have the funds in the hands of the directors applied to the payment of their debts against the contractors. They would be likewise without any remedy in equity, and for the same reason, if the question were one of diverting the public funds from the channel to which they have been turned by public authority. But, as the school building has been completed and the purpose consummated for which the fund was raised, the public interest cannot be injuriously affected by further withholding the fund from distribution to those who are justly entitled to it.''

Here the work for which the salary was due, as has been said, has been performed, and Act 44 has removed the necessity of proceeding by way of an equitable garnishment.

Here not only is the state not a party to this litigation in name, or in fact, but its disbursing officer is not a party to the litigation. In the Chapter on Garnishment, 38 C. J. S. 200, where many cases are collected and cited on the nature of a garnishment proceeding, it is said: ''The defendant, properly so called, is the party whose property or effects in the hands of the third person, the garnishee, are sought to be reached, and not such third person or garnishee. The garnishee is not technically a 'defendant,' except in those jurisdictions where garnishment is considered to be a new action.'' That it is not so considered in this state was decided in the opinion in the case of *Vaughn* v. *Screeton,* 181 Ark. 511, 27 S. W. 2d 789,

where it was said: "The proceedings by garnishment are only ancillary or additional rights to remedies of a creditor against his debtor, and it is not necessary to make garnishees parties to the suit or to pray relief in the complaint against them. *Tiger* v. *Rogers Cotton Cleaner & Gin Co.,* 96 Ark. 1, 130 S. W. 585, 30 L. R. A., N. S., 694, Ann. Cas. 1912B, 488."

The statement is made in the brief that an increasing number of states are enacting legislation similar to Act 44, and that Arkansas is the thirty seventh state to enact such legislation. That statement, which we assume to be true, without verifying it, may not add much to the argument, as suits against the state are not prohibited in the constitutions of some of the states, while in others authority is given to the Legislature to permit such suits.

But Alabama has a constitutional provision substantially identical with that of our constitution which reads: "That the State of Alabama shall never be made a defendant in any suit of law or of equity." Section 14, Art. 1, of the 1901 Constitution of Alabama. Notwithstanding this inhibition the General Assembly of Alabama in 1923 passed an act now appearing as § 1032 of the 1940 Alabama Code, which reads as follows: "Salary of officials or employees of state, county, or city may be garnished. Money due officials or employees of a city, county, or state government, or any department or institution thereof, as salary for services performed for or on behalf of said city, county or state, or any department or institution thereof, may be garnished."

This section was involved in ten cases, cited in the briefs, decided by the Supreme Court of Alabama, the last being *Daves* v. *Rain,* 230 Ala. 304, 161 So. 108, which case cites some of the intermediate cases. The constitutionality of this Act of 1923 does not appear to have been questioned in any of these cases, for the reason, no doubt, that the garnishment proceedings authorized by the Act were not thought to be suits against the state.

Section 9 of Act 99, *supra,* provides that: "It is hereby declared to be illegal for any officer, agent, de-

partment or person upon whom is imposed the duty of administering appropriated funds, to authorize, by voucher, or otherwise, the payment to any person of an amount in excess of the sum appropriated specifically as salary or wages; nor shall money appropriated for maintenance, travel expense, or for any purpose other than payment of wages or salaries be used for the payment of wages or salaries.''

It is not contended that the issuance of the voucher here ordered to be issued will be in excess of the available appropriation, nor is it a diversion of the appropriation to apply the judgment defendant's salary to the satisfaction of the judgment against her. The salary will have been paid when thus applied.

It is provided in § 2 of Act 44 that the state's agencies there named ''shall be subject to garnishment as is now provided by law.'' Section 6129, Pope's Digest, provides: ''If any garnishee, after having been served with a writ of garnishment ten days before the return day thereof, shall neglect or refuse to answer the interrogatories exhibited against him on or before the return day of such writ, the court or justice before whom such matter is pending shall enter judgment against such garnishee for the full amount specified in the plaintiff's judgment against the original defendant, together with costs.''

It is argued that these statutes read together permit a money judgment to be rendered against the state agency furnishing the employment. But this legislation must not only be read together, but must be read in connection with Act 99 of the Acts of 1945, and when all are read together, authority is not found to render a money judgment against the state agency, the disbursing officer, in this case. Under this Act 99 the disbursing officer does not have in his hands any money belonging to the employee, and therefore no money judgment could be rendered against him. It is our duty to give legislation any reasonable construction which renders it constitutional. If there is any conflict between § 6129, Pope's Digest,

and the later legislative Act 44 and Act 99, these must govern as being of a later date, but we think there is no conflict when the legislative intent is ascertained and that no judgment could be rendered against the disbursing officer except one requiring the issuance of a voucher, as directed by the court, under the writ of garnishment, and that would be the proper judgment to render if there were a failure to answer by the garnishee.

We conclude, therefore, that Act 44 is not unconstitutional, and the judgment of the circuit court will be affirmed after being modified in one respect. The judgment requires the garnishee disbursing officer to turn over to the clerk of the Saline Circuit Court so much of the judgment defendant's salary, less Federal withholding tax, as may be required to satisfy the judgment against her. The disbursing officer cannot perform this judgment as the money never comes into or passes through his hands, but he will be required to issue his voucher to the clerk of the Saline Circuit Court for so much of the judgment defendant's salary as will be necessary to satisfy the judgment against her.

Act 44 does not affect, or impair, the right to claim as exempt any wages due the employee, when that right otherwise exists.

As modified, the judgment is affirmed.

The Chief Justice dissents.