GRANGER v. FRENCH.

1. MANDAMUS—PROPRIETY—MUNICIPAL OFFICERS—SALARIES—COMPELLING PAYMENT.

Mandamus is the proper remedy to enforce the payment by a municipal corporation of a salary, the amount of which is fixed.

2. ASSIGNMENTS — RIGHTS ASSIGNABLE — SALARY OF PUBLIC OFFICERS.

An assignment by a public officer of his salary or fees before they are due impairs the efficiency of the public service and is void, both in law and in equity, as being against public policy.[1]

3. MANDAMUS—PROPRIETY—MUNICIPAL OFFICERS—SALARIES—COMPELLING PAYMENT.

Though mandamus is a discretionary writ and will not be issued in all cases where a prima facie right to it is shown, it will issue to compel payment by a municipality of the salary of a public officer, notwithstanding the assignment by him of such salary in anticipation, the rule of public policy forbidding such assignments being superior to the rights of relator's creditors.

Certiorari to the superior court of Grand Rapids; Stuart, J. Submitted January 7, 1908. (Calendar No. 22,499.) Decided May 1, 1908.

Mandamus by Orley C. Granger to compel Rufus S.

---

[1]As to validity of assignment of wages or salary to be earned, see note to *Rodijkeit* v. *Andrews* (Ohio), 5 L. R. A. (N. S.) 565.

French, comptroller, and John L. Boer, clerk, to issue warrants for the payment of a salary. There was an order denying the writ, and relator brings certiorari. Reversed, and writ granted.

*Holmes & Holmes*, for relator.

*R. M. Ferguson* and *R. L. Newnham*, for respondents.

OSTRANDER, J. Relator, a justice of the peace of the city of Grand Rapids, with an official salary of $1,300 a year, payable monthly out of the city treasury, assigned unearned salary to obtain money and credit to relieve his financial embarrassment. Respondents are respectively the comptroller and city clerk of the city of Grand Rapids, and have refused to issue to relator the usual checks or warrants for his salary or to countersign or pay such checks because said assignments of relator's salary have been filed in the comptroller's office. Relator applied to the superior court for a writ of mandamus to compel respondents to perform their duties in the premises. The writ, after a hearing, was denied. The court found the assignments to have been given to persons who in reliance upon them and in perfect good faith advanced money or credit to relator, and in the opinion the learned judge said:

" I cannot bring myself to feel that a court of justice is called upon to lend its aid to the relator in depriving his creditors of the opportunity of getting from him what he had solemnly promised to give them."

I think the writ of mandamus should have been granted, not in indorsement and appreciation of relator's conduct, nor in furtherance of relator's private interest, but because to deny it is, in effect, to refuse to enforce a rule of sound public policy. Mandamus is the proper remedy to enforce the payment by a municipal corporation of a salary, the amount of which is fixed. *McBride* v. *City of Grand Rapids*, 47 Mich. 236; *Speed* v. *Common Council of Detroit*, 100 Mich. 92. The assignments of his salary which relator gave are void. The rule, with copious refer-

ences to authorities, is stated in 2 Am. & Eng. Enc. Law (2d Ed.), p. 1033, as follows:

"It is well settled, both in England and the United States, that a public officer cannot assign by anticipation the salary and fees paid to him for the purpose of maintaining the dignity of his office and securing the due discharge of its duties.

"The protection thus extended to those engaged in the performance of public duties is not based upon the ground of their private interest, but upon the necessity of securing the efficiency of the public service by insuring that the funds provided for its maintenance shall be received by those who are to perform the work, at the periods appointed for their payment. The assignment of such funds before they are due impairs the efficiency of the public service, and is void both in law and equity as being against public policy."

See, also, 4 Cyc. p. 19; *Bliss* v. *Lawrence*, 58 N. Y. 442; *In re King's Estate*, 110 Mich. 203.

It is true that the writ of mandamus will not be issued in all cases where a prima facie right to it is shown. *Tennant* v. *Crocker*, 85 Mich. 328; *MacKinnon* v. *Auditor General*, 130 Mich. 552; *Van Akin* v. *Dunn*, 117 Mich. 421; 26 Cyc. p. 150. So in *Walhier* v. *Weber*, 142 Mich. 322, 325, and in *Benson* v. *Bawden*, 149 Mich. 584, the court refused relief in actions at law to parties seeking its aid to recover money or property parted with under illegal agreements, both parties to which were equally culpable. The court, in those cases, was enforcing a rule of public policy. The rule demanded that the parties be left where they had placed themselves. In the case at bar, the rule of public policy makes all anticipatory assignments of salary by the relator void, and demands that he be paid his official salary notwithstanding such assignments. The office of the writ applied for is to enforce the rule. It should issue, and the order denying it is reversed, with costs.

GRANT, C. J., and BLAIR, MONTGOMERY, and MC-ALVAY, JJ., concurred.