## DUNKLEY *v.* CITY OF MARQUETTE.

1. APPEAL AND ERROR—SPECIAL APPEAL FROM JUSTICE'S COURT —RECORD IN SUPREME COURT.
   Where the record of appellant fails to show the basis of a special appeal from justice's to circuit court, the proceedings, appearing to be in due form, will be held to be regular.

2. CONTRACTS — ASSIGNMENTS OF SALARY OF PUBLIC OFFICERS — PUBLIC POLICY.
   An assignment by a city comptroller of salary due and to become due him is void as against public policy.[1] *Granger* v. *French*, 152 Mich. 356, followed and approved.

3. GARNISHMENT—PUBLIC OFFICERS—SALARY.
   By an equally divided court, the decision of the circuit court that Act No. 257, Pub. Acts 1899, authorized the garnishment of salary due to municipal officers, is sustained. BLAIR, C. J., and MONTGOMERY, MCALVAY, and OSTRANDER, JJ., dissenting.

[1] As to validity of assignment of future wages or salary, see note to *Rodijkeit* v. *Andrews* (Ohio), 5 L. R. A. (N. S.) 564.

Error to Marquette; Stone, J. Submitted April 8, 1909. (Docket No. 10.) Decided July 6, 1909.

Garnishment proceedings by Joseph Dunkley against the city of Marquette, garnishee defendant of Shields McCarthy, and Elizabeth Kitts, claimant. A judgment for plaintiff is reviewed by claimant on writ of error. Affirmed by an equally divided court.

*J. L. Heffernan*, for appellant.

*W. S. Hill*, for appellee.

BROOKE, J. This is an action of assumpsit brought by the plaintiff against the defendant McCarthy before a justice of the peace of Marquette county. The declaration was on the common counts, and judgment was rendered by said justice in favor of said plaintiff and against said defendant, Shields McCarthy, for the sum of $89.85 damages and $3 costs, on February 26, 1908. On the 29th of February a summons in garnishment was issued to the city of Marquette, and duly served. On the 4th of March, 1908, the said garnishee defendant filed with said justice its written disclosure setting forth that it was indebted to said Shields McCarthy, principal defendant, for services as city comptroller in the sum of $125 over and above all legal set-offs, and that said indebtedness was for the salary of said comptroller of said city for the month of February. The disclosure also made note of the claim of Elizabeth Kitts as assignee under a written assignment, and the sum of $125 was paid into the hands of the justice. Thereupon the said Elizabeth Kitts was served with notice and with a copy of the disclosure, citing said claimant to appear before said justice at his office in the city of Marquette on the 25th of March, 1908. On March 27, 1908, the parties appeared before said justice. Plaintiff declared on the common counts in assumpsit, and specially on the judgment hereinbefore mentioned, claiming damages $300, etc. Defendant pleaded the gen-

eral issue.   Plaintiff introduced in evidence the original
judgment in the principal cause and the disclosure of the
garnishee defendant, and all documents pertaining to the
garnishee proceedings, and it was conceded by claimant
that the fund in court was for salary earned by the prin-
cipal defendant as a public officer after the execution of
the assignment to the claimant.   The defendant offered
no testimony.   The trial of the issues was had by a jury,
which rendered a verdict in favor of plaintiff and against
claimant Kitts for $89.85 damages and $13 costs.   Claim-
ant thereupon appealed to the circuit court for the county
of Marquette by general and special appeal.   The circuit
court affirmed the judgment of the justice's court, finding
that said claimant is not entitled to said fund or any part
thereof, and that the same belongs to the said plaintiff in
said garnishee proceedings to the sum of $94.15, allowing
costs against said claimant and her surety, John R. Gor-
don, to be taxed, including an attorney fee of $12.50.
Thereupon the case was brought to this court for review.
Five assignments of error are urged on behalf of claim-
ant.

1. The court erred in finding that the validity of the
judgment in justice's court against the claimant cannot
be raised on special appeal, but should have been raised
by certiorari.   So far as the record discloses, the proceed-
ings in the justice's court appear to have been regular,
and in accordance with section 1017, 1 Comp. Laws.
The affidavit of the claimant upon which she based her
special appeal is not included in the record, and the court
is therefore unable to determine whether or not this as-
signment is well grounded.

2. The second assignment of error is that the court
erred in holding that the assignment of the said Shields
McCarthy to said claimant was void as against public
policy upon the authority of *Granger* v. *French*, 152
Mich. 356 (116 N. W. 181).   We think the learned circuit
judge was justified in his ruling as to the assignment.

The case of *Granger* v. *French, supra,* received careful attention by this court, and may be deemed to express the settled policy of the law touching the subject-matter there under consideration.

3. The third assignment of error is that the court erred in holding that the claimant is not entitled to said fund, or any part thereof, and that the same belongs to said plaintiff under said garnishee proceedings to the amount of $94.15, being the amount of said damages, costs, and interest. This assignment of error demands a consideration of Act No. 257, Pub. Acts 1899, which is an act to amend section 25, Act No. 137, Laws 1849, as amended, relative to authorizing proceedings against garnishees, etc. Section 25, as amended, reads in part as follows:

"All corporations of whatsoever nature, whether foreign, domestic, municipal or otherwise, except counties, may be proceeded against as garnishees in the same manner and with like effect as individuals under the provisions of this act, and the rules of law regulating proceedings against corporations and the summons against the garnishees in such case may be served on the president, cashier, secretary, treasurer, comptroller or other principal officer of such corporation," etc.

The question is whether it was the legislative intent to authorize garnishee proceedings against municipal corporations where the principal defendant was an officer or employé of such municipality. It is true that the statute does not by name make the officers and employés of municipal corporations subject to the operation of garnishment proceedings against the municipality, but it is likewise true that they are not excepted by the terms of the act. We are of opinion, after careful consideration, that it was the legislative intent to provide for garnishment proceedings against municipal corporations by this legislation, not alone where the principal defendant was one sustaining simply a commercial or contractual relation with the municipality, but likewise to its officers and employés

as such.  As determined in the case of *Granger* v. *French, supra,* an officer or employé of a municipal corporation may not assign by anticipation the salary and fees paid to him for the purpose of maintaining the dignity of his office and securing the due discharge of his duties.  We think, however, that the voluntary act of such officer or employé in so depriving himself in advance of the emoluments of his office stands upon an entirely different footing from the taking of such emoluments after they have accrued by garnishment proceedings under the legislation above noticed.  But we are not concerned with the wisdom of the legislation.  The act under consideration was clearly within the legislative power, and we think its intent is clear.

The other assignments need not be discussed.

Judgment is affirmed.

GRANT, HOOKER, and MOORE, JJ., concurred with BROOKE, J.

OSTRANDER, J.  Section 1014, 1 Comp. Laws, was amended by Act No. 257, Pub. Acts 1899, and again amended by Act No. 73, Pub. Acts 1903.  It provides that:

"All corporations of whatsoever nature, whether foreign, domestic, municipal or otherwise, except counties, may be proceeded against as garnishees in the same manner and with like effect as individuals under the provisions of this act, and the rules of law regulating proceedings against corporations," etc.

In view of the settled and general rule of public policy applied by this court in *Granger* v. *French,* 152 Mich. 356 (116 N. W. 181), and in view, also, of the language of the statute in which all corporations, domestic as well as municipal, except counties, are placed upon the same footing with respect to their liability as garnishee defendants, I think the statute should be construed as making municipal corporations liable as garnishee defendants in those

cases only where the principal debtor is an employé of the municipality, or is one to whom the municipality is indebted otherwise than for an official salary.

The judgment should be reversed, and no new trial granted.

BLAIR, C. J., and MONTGOMERY and McALVAY, JJ., concurred with OSTRANDER, J.