[No. 13376.  Department One.  August 4, 1916.]

OLE HANSON, *Respondent*, v. ROBERT T. HODGE *et al.*,
*Appellants.*[1]

APPEAL—REVIEW—PARTIES ENTITLED TO ALLEGE ERROR.  Upon appeal by the principal defendant and one of the garnishees, error cannot be assigned on the striking of part of the answer of other garnishees, who are not complaining.

SAME—PARTIES—RIGHT TO APPEAL—WAIVER.  A garnishee bank, having merely pleaded a denial of any indebtedness to the principal defendant, without the assertion of any claim to the fund sought to be impounded, is estopped to appeal and assert a claim to the fund by assignment.

SAME—PARTIES—APPEALABLE INTEREST—GARNISHMENT OF SALARY. A public officer's immunity from garnishment of his salary, resting in consideration of public policy, is absolute and invocable at any stage of the proceedings; hence may be raised by appeal from a judgment in garnishment, although not pleaded as a defense; especially where exemptions were claimed and the question was sufficiently covered by assignments of error to give the court jurisdiction.

GARNISHMENT—SALARY OF PUBLIC OFFICERS—IMMUNITY—STATUTES —EXEMPTION OF WAGES.  Rem. 1915 Code, § 680-1, making counties subject to garnishment, and providing that nothing in the act shall be construed to impair the rights of defendants to claim exemptions of wages as provided by law, carries the necessary implication that the act applies to officers and employees engaged in the public service, and abrogates the common law immunity of officers' salaries from garnishment.

SAME—"DEBTS"—SALARY OF PUBLIC OFFICERS.  Rem. 1915 Code, § 680-1, subjecting the salary of county officers to garnishment, does not diminish their salaries after election, in violation of Const., art. 11, § 8.

EXEMPTIONS—FROM GARNISHMENT—CLAIM FOR—TIME FOR FILING. Upon garnishment of a county officer's salary, a claim of exemption of wages as the head of a family is too late, where after knowledge of the proceeding, defendant filed no answer or claim for exemption until after decision granting motion for judgment on the pleadings.

Appeal from a judgment of the superior court for King county, Tallman, J., entered November 5, 1915, in favor of

[1]Reported in 159 Pac. 388.

the plaintiff, on motion for judgment on the pleadings, after striking parts of the answers in garnishment proceedings. Affirmed.

*Tucker & Hyland* and *William R. Bell*, for appellants.

*John H. Perry*, for respondent.

*Alfred H. Lundin* and *Edwin C. Ewing*, amici curiae.

Ellis, J.—This is a proceeding in garnishment under ch. 130, Laws of 1915, p. 357 (Rem. 1915 Code, § 680-1). It presents a question for first impression in this state meriting full consideration. The facts are as follows:

On August 31, 1915, plaintiff recovered a judgment in the superior court for King county against the principal defendant, Robert T. Hodge, who was then and now is sheriff of King county. On September 30, 1915, plaintiff sued out a writ of garnishment directed to Byron Phelps, as auditor of King county, and German-American Mercantile Bank, a corporation. The writ was served on the same day.

On October 21, 1915, Phelps as auditor, and also King county appeared by the prosecuting attorney of King county and filed a joint answer disclosing an indebtedness of King county in the sum of $320 to Hodge at that date on account of his salary as sheriff at the rate of $200 a month, for the month of September and the first twenty days of October, 1915, and further alleging that, prior to the service of the writ, Hodge had executed and delivered to German-American Mercantile Bank an assignment of all his salary due and to become due, which assignment, prior to the service of the writ, was filed with the auditor of King county, and praying for such judgment as to the court might seem just. In its answer, the county interposed no claim of immunity from garnishee process on any ground.

The other garnishee defendant, German-American Mercantile Bank, on October 8, 1915, served an answer alleging that it was not indebted to the principal defendant, Hodge, at the

time of service of the writ or at any time subsequent thereto in any sum whatsoever, and neither then had, nor subsequent thereto has had, in its possession or control any personal property or effects belonging to the defendant, and prayed for its discharge with costs. The assertion in one of its briefs that in this answer also was pleaded the assignment referred to in the answer of Phelps and the county is without foundation in the record.

On October 25, 1915, plaintiff served and filed his motion to strike from the answer of Phelps as auditor and King county the allegation setting up the assignment from Hodge on the ground that any such attempted assignment of unearned salary as sheriff was void as against public policy. At the same time, plaintiff moved for judgment on the pleadings and for an order directing Phelps as auditor of King county to issue to plaintiff a warrant for the amount due the principal defendant as admitted in the answer of the garnishee defendant.

On October 30, 1915, as shown by the court's minutes, both motions were granted, and on November 5, 1915, a formal order was entered striking from the answer of Phelps as auditor and King county all reference to the alleged assignment, and reciting that the garnishee defendants had elected not to amend, and granting the motion for judgment on the pleadings. On the same day, the court entered also a formal order directing Phelps as auditor of King county to audit and pay to plaintiff the sum of $320 admitted in their answer to have been due from King county to Hodge on account of his salary as sheriff at the time of the service of the answer.

On November 5, 1916, the principal defendant, Hodge, filed an answer denying the allegation of the answer of the auditor, Phelps, and King county that there was due to him $120 or any sum as salary for the month of October at the time of service of the writ or at the time the garnishee defendants made answer; and alleging that he is, and has been

at all times since the commencement of the action, the head of a family dependent upon him for support, and praying "in the event of the court disallowing the assignment pleaded in the answer of said garnishee" that he be allowed his statutory exemptions.

The assertion that in this answer was pleaded the above mentioned assignment and the perfection of the same prior to the service of the writ is also without foundation in the record.

Prior to the hearing of this appeal in this court, the appeals of Byron Phelps, as auditor of King county, and King county were dismissed on their own motion, so that the only parties now prosecuting this appeal are the garnishee defendant German-American Mercantile Bank and the principal defendant Robert T. Hodge.

The prosecuting attorney of King county has filed a brief as *amicus curiae* urging, as a question of practice, that the court erred in striking from the answer of Phelps and King county the allegation setting up the assignment of his salary by Hodge to the bank and in thereafter rendering judgment on the pleadings. The record before us does not present that question. The assignment was not pleaded in the answers of any of the defendants save that of Phelps and King county. They are the only parties, therefore, who could have raised the question in this court and they have voluntarily abandoned their appeals.

Respondent Hanson has interposed a motion to dismiss the appeal of the German-American Mercantile Bank on the ground that the bank's answer was a mere denial of any indebtedness of the bank to the defendant Hodge, and that, inasmuch as no judgment was rendered against the bank, it has no appealable interest. On the record presented, this motion must be sustained. If the bank ever intended to raise the question which it now seeks to raise, namely, that it had a right to the salary of the defendant Hodge by reason of an assignment antedating the writ of garnishment, it should

have pleaded that assignment and asked for such a judgment
either in its answer to the writ or by intervention. Having
done neither, it has no standing to assert that assignment or
any right thereunder in this court. Its answer being a mere
denial of indebtedness to the principal defendant, Hodge,
without the assertion of any claim to the fund sought to be
impounded by the garnishment, amounts to a disclaimer of
any interest in that fund. The appeal of the German-Ameri-
can Mercantile Bank is therefore dismissed.

The respondent also moves to dismiss the appeal of the
principal defendant, Hodge, on the same ground. It is true
that in his answer he disclaims any indebtedness from the
county to him. It is also true that in his answer he did not
plead any assignment to the bank as a defense to the garnish-
ment, nor claim a common law immunity from garnishment
of his salary as a public officer. That rule of immunity rests
solely in considerations of public policy. It exists only in
the interests of efficient public service. *State ex rel. Summer-
field v. Tyler*, 14 Wash. 495, 45 Pac. 31, 53 Am. St. 878, 37
L. R. A. 207. It would seem, therefore, that, in the absence
of a statute abrogating the rule, the immunity would be abso-
lute and hence invokable at any stage of the proceedings,
whether pleaded in answer to the writ or not. Moreover, in
his answer appellant did claim his statutory exemption as
the head of a family, and though that question is not argued
in his briefs, it is sufficiently covered by his assignments of
error to give this court jurisdiction. The motion to dismiss
the appeal of Hodge is denied.

Appellant has filed two briefs. In the first, he proceeds on
the false assumption that in his answer he pleaded an as-
signment of his salary to the bank. He concedes that prior
to the act of 1915, Laws of 1915, ch. 130, p. 357 (Rem. 1915
Code, § 680-1), making counties and other municipal corpo-
rations subject to garnishment, an assignment of the future
salary of a public officer was void as against public policy.
He argues that, since a garnishment is an involuntary as-

signment, the act of 1915 authorizing garnishment of such salaries, by a necessary implication, authorizes also an assignment of such salaries. He overlooks the fact that the act of 1915 subjects counties and other municipal corporations to garnishment "only after judgment shall have been entered against the defendant in the main action;" thus apparently negativing the supposed implication. The question is an interesting one, but since the record before us presents no assignment, we cannot consider it.

In his second brief, he takes the inconsistent position that the act of 1915 merely abrogates the rule of the common law that municipal corporations are immune from garnishment, but does not abrogate the rule of the common law exempting from garnishment the salary of public officials. He overlooks the fact that the act of 1915 provides that "nothing in this act shall be construed to impair the rights of defendants to claim exemptions of wages as provided by law," thus necessarily implying that the act applies to "some class of persons entitled to receive money from the public funds who are also entitled to claim such money as exempt from execution. There is no such class in existence, except officers and employees engaged in public service." *Ruperich v. Baehr*, 142 Cal. 190, 75 Pac. 782. The California statute construed in the case cited provides a summary method of garnishment by filing a transcript of the judgment against the debtor with the auditor of the county or other municipal corporation who shall draw a warrant in favor of, or pay into the court from which the transcript comes, so much of the money, if sufficient there be owing to the judgment debtor, as will cancel the judgment, and further provides:

"Upon the receipt by any court of money under the provision of this act, so much thereof as is not exempt from execution shall be paid to the judgment creditor, the balance to the judgment debtor."

Aside from mere matters of procedure, the statute as relating to counties is substantially like ours. The California su-

preme court held that the provision touching exemptions carried the necessary implication that the statute applies to officers and employees engaged in public service. The opinion of the majority in the *Ruperich* case is well reasoned and seems unanswerable. The view expressed in the concurring opinion of Van Dyke, J., that the statute might be unconstitutional as applied to incumbents of offices created by the constitution obviously has no force as applied to county officers in this state. True, the county offices are created by the constitution, but the salaries they carry in this state are fixed by the legislature. Const., art. 11, § 5. It is true, § 8 of article 11 provides that the legislature shall fix the compensation by salaries which shall not be increased or diminished after election or during the terms of office; but to subject the earned salary of an officer to the payment of his just debts seems to us in no valid sense a diminution of his compensation. It goes to pay his debts, which is certainly but a form of compensation for his services. We are constrained to hold that the legislature impinged no inhibition of the constitution by making such salaries subject to garnishment at the same time preserving to the officers the same right of statutory exemptions accorded to other debtors. It is no argument to say that the incumbent of an office created by the constitution is selected because of some peculiar fitness for the place, hence should not be harassed or diverted from his duties by having his salary subjected to garnishment. That is but another way of stating the common law rule of public policy and seeking to give it the force of a constitutional provision, which no one has ever claimed it has.

Appellant cites and relies upon two decisions of the Colorado court of appeals, *Lewis v. Denver*, 9 Colo. App. 328, 48 Pac. 317, and *Troy Laundry & Machinery Co. v. Denver*, 11 Colo. App. 368, 53 Pac. 256. Both of these are reviewed and distinguished by the supreme court of California in *Ruperich v. Baehr, supra*. The Colorado statute, which is quoted in the *Troy Laundry & Machinery Co.* case, contains no pro-

vision for statutory exemptions nor other language from which it could be inferred that it was intended to apply to officers and employees engaged in public service. The argument in the Colorado cases based upon the assertion that the salary of a public officer is not a debt seems to us technical in the extreme. It may not be a debt in the sense that it could have been made the subject of an action in debt or in *indebitatus assumpsit* at common law, but after the salary is earned, it is none the less money due in a sum certain and owing, and no amount of argument can make it anything else. We are clear that, under the act of 1915, the salary of a sheriff is subject to garnishment for a debt reduced to judgment.

It only remains to consider whether appellant seasonably claimed his statutory exemption as the head of a family. His answer shows upon its face that he had knowledge of the proceeding prior to the order striking from the answer of Phelps and King county the matter relating to the assignment, since in the prayer of his answer reference is made to that allegation. Appellant's answer, however, was neither served nor filed until after the court had entered on its minutes its decision sustaining the motion to strike and the motion for judgment on the pleadings. The case thus falls distinctly within the rule announced by this court in *United States Fidelity & Guaranty Co. v. Hollenshead*, 51 Wash. 326, 98 Pac. 749. On the strength of that decision, we are constrained to hold that appellant's claim of his statutory exemption was tardily asserted.

There is some mention in the briefs and in a supplemental transcript of a second garnishment. There is, however, nothing in the record showing that any appeal was taken from the final order in that proceeding. We cannot consider it.

The judgment is affirmed.

MORRIS, C. J., MOUNT, CHADWICK, and FULLERTON, JJ., concur.