[Civil No. 3318. Filed May 4, 1933.]

[21 Pac. (2d) 929.]

STATE OF ARIZONA, Appellant, v. SURETY FINANCE COMPANY OF PHOENIX, a Corporation, Appellee.

Mr. Arthur T. La Prade, Attorney General, and Mr. J. R. McDougall, Assistant Attorney General, for the State.

Mr. David A. Keener and Mr. Robert E. L. Shepherd, for Appellee.

ROSS, C. J.—This appeal by the state brings before us for decision the question as to whether the salary of a constitutional officer of the state can be lawfully garnished. The officer whose salary is involved was the Secretary of State during the years 1931–1932. His office is provided for by the Constitution, and the salary was fixed therein until otherwise provided by the legislature (Const., art. 5, §§ 1,

13). At the time of the garnishment, his salary was fixed by the legislature.

In *State* v. *Roseberry,* 37 Ariz. 78, 289 Pac. 515, we held that the legislation contained in chapter 50, Session Laws of 1929, authorizing the garnishment of the "salaries of all officers, deputies, clerks and employees of the state of Arizona, or any of its political subdivisions" (section 1), was valid as to officers occupying positions created and controlled by the legislature, but withheld any expression of opinion of its validity when applied to constitutional officers. Upon its face the act clearly embraces the latter officers, and should be sustained unless it conflicts with the Constitution.

The general law, it may be stated, on the grounds of public policy forbids the garnishment of the state and its political subdivisions. This has been announced over and over by most of the courts of the Union, in the absence of express statutory or constitutional authority to the contrary.

"This doctrine is founded on reasons of public policy, which may be all summed up in the general proposition that any other rule would interfere with the efficiency of the public service." *Orme* v. *Kingsley,* 73 Minn. 143, 75 N. W. 1123, 72 Am. St. Rep. 614.

This rule was adopted, not so much for the benefit or protection of the officer whose salary was sought to be subjected to the payment of his debts, as to prevent the converting of the state and its political subdivisions into collecting agencies, and the consequent inconvenience and interference with public service.

Chapter 50, *supra,* waives the state's and its political subdivisions' right to claim immunity from being garnished and explicitly states in section 1 thereof: "Such garnishment shall not be construed as against public policy." Thus the intention of the legislature to abolish the general rule of public policy

is manifest. It recognized its existence and declared it no longer in force or applicable to the present-day situation.

The only provision in the Constitution which it might be contended this legislation contravenes is found in section 17, part 2, article 4, which provides that the compensation of public officers shall not be increased or diminished during their terms of office. It is said the application of an officer's salary or wages, or any part thereof, through the process of garnishment to the payment of his debts, is a diminishing thereof, and there is some authority for such a contention. Concurring opinion of Mr. Justice VAN DYKE in *Ruperich* v. *Baehr,* 142 Cal. 190, 75 Pac. 782. But it occurs to us that the officer gets the full benefit of his salary, whether it is paid to him directly or applied by the law on his honest debts. When salary is applied on what an officer owes, it benefits him, or his estate, just as much whether its application be through his voluntary act or by compulsion of law. In the latter case the only thing he is deprived of is the liberty of spending his salary as he pleases, but in this his situation is not at all different from any other debtor who is forced to pay his debts. In *Hanson* v. *Hodge,* 92 Wash. 425, 159 Pac. 388, it was held that such an application of an officer's salary did not diminish it.

The matter of the public policy of the state is entirely in the hands of the legislature, except as restrained by the Constitution. 6 R. C. L. 109, § 108. There is no direct or implied restraint in our fundamental law upon the powers of the legislature to' subject the compensation of constitutional officers of the state to the demands of their creditors through the process of garnishment. Legislation affording this remedy to creditors of public officers has been generally approved. *State* v. *Roseberry, supra; Cavender* v. *Hewitt,* 145 Tenn. 471, 239 S. W. 767, 22

A. L. R. 755; *Mitchell* v. *Miller,* 95 Minn. 62, 103 N. W. 716; *Tribune Reporter Printing Co.* v. *Homer,* 51 Utah 153, 169 Pac. 170; *Stockard* v. *Hamilton,* 25 N. M. 240, 180 Pac. 294. No reason is apparent why the remedy should not be extended to creditors of state officers whose offices are constitutional where the legislature is given the power to change or control their salaries. *Stockard* v. *Hamilton* and *Hanson* v. *Hodge, supra.* The cases on the question are collated in the note to *Salyers Auto Company* v. *De Vore,* 56 A. L. R., p. 601.

We are of the opinion that the legislation authorizing the garnishment of the salaries of constitutional state officers is valid, and that the judgment should be affirmed.

McALISTER, J., concurs.

NOTE.—LOCKWOOD, J., being ill, took no part in this case.