[Civil No. 3811. Filed June 1, 1937.]

[68 Pac. (2d) 671.]

WILLIAM BYERS and THE BANK OF ARIZONA, Appellants, v. LEE COMER, Appellee.

Messrs. Favour & Baker and Mr. A. M. Crawford, for Appellants.

Mr. Will E. Ryan, for Appellee.

ROSS, J.—The question for decision is whether or not an assignment of his salary by a public officer of a county before he has earned it is valid as against a garnishing creditor of such officer. This question is here because of the following facts:

William Byers, the judgment debtor, was at the time of this proceeding chairman of the board of supervisors of Yavapai county. On January 31, 1935, for $1 and other valuable considerations, he assigned his official salary due and to become due to the Bank of Arizona and gave to such bank a power of attorney to collect such salary during the rest of his term, his salary as such chairman of the board of supervisors being $1500 a year, or $125 a month, payable semi-monthly. Lee Comer, who had a judgment against Byers for the sum of $707.23 sued out a writ of garnishment against Yavapai county. The county answered the writ stating that Byers was chairman of its board of supervisors; that his salary was $125 a month and that the county was, at the time of ser-

vice, indebted to him, or his assignee, the Bank of Arizona, for the first thirteen days of August, 1935, or in the sum of $54.18. The bank intervened and claimed the salary under its assignment. The court rendered judgment in favor of the garnishment creditor, Comer, for $54.18 and directed the county treasurer to pay such sum to Comer. The bank and Byers have appealed.

■■ The appellee suggests that the amount involved is only the sum of $54.18, for which he was given judgment, and for that reason the court, under section 4, article 6, of the Constitution is without jurisdiction of the appeal. Under such provision the jurisdictional amount to give this court the right to hear and determine an appeal is a sum in excess of $200, with some exceptions none of which is here present. The jurisdiction of this court depends, we think, upon the meaning that is to be given the phrase "the original amount in controversy," found in the Constitution, section 4, article 6, *supra*. If such amount exceeds $200, then this court has jurisdiction. Plaintiff's judgment against defendant Byers was for $707.23, which conclusively establishes that in the main action more than $200 were in controversy.

Our attachment and garnishment statutes are taken from Texas and the courts of that state have repeatedly held that a garnishment proceeding is in aid of the principal action. In *King* v. *Porter*, 113 Tex. 198, 252 S. W. 1022, it was decided that the court in the main action had jurisdiction of garnishment proceedings for any amount, however small; that the garnishment was a process in aid of the enforcement of the judgment in the main action, and that jurisdiction of the garnishment proceeding came from the main action. The right of appeal is governed by the original amount in controversy in the main action,

which in this case was a sum in excess of $200. The court, in the case of *King* v. *Porter, supra,* said:

"It is well settled that the jurisdiction in the trial court in proceedings of garnishment is that of the original suit. The question here presented is: Is appellate jurisdiction in garnishment proceedings the same as that of the original suit?

"We think so. A garnishment proceeding is ancillary to and a part of the principal action, and not only must it be brought in the court of the principal action, but when brought after final judgment in the original suit, the court will take judicial knowledge of such judgment. *Kelly* v. *Gibbs,* 84 Tex. [143] 148, 19 S. W. [380] 563. Thus its justification and efficacy are grounded in the original action."

We think we have jurisdiction.

■ The vital question, however, is the validity of the assignment of his salary by Byers to the bank. In *Kaminsky* v. *Good,* 124 Or. 618, 265 Pac. 786, 788, wherein the validity of an assignment of his salary by a public officer was in question, the court said:

"A clear preponderance of authority is that an assignment of future compensation not yet earned, whether payable by salary or fees, is opposed to public policy and void. A contrary rule would permit the public service to be undermined by the assignment to strangers of the funds appropriated to salaries. If such assignments are permitted, the officer, in the performance of his duties, would no doubt be in the position of one, as per common parlance, 'paying for a dead horse.' Mechem on Public Officers, § 874; Greenwood on Public Policy, p. 351; 2 R. C. L. 605, § 13; *Bliss* v. *Lawrence,* 58 N. Y. 442, 17 Am. Rep. 273, 275; *Tribune Rep. Co.* v. *Homer,* 51 Utah 153, 169 Pac. 170; *Dunkley* v. *Marquette,* 157 Mich. 339, 122 N. W. 126, 17 Ann. Cas. 523.

"The effect of an assignment of unearned salary, or fees, of a public officer, so as to put the same when earned beyond the reach of creditors, is the subject

of a note in 31 L. R. A. (N. S.) at page 375. The general rule is announced as follows:

" 'But the general voice of the authorities, both across the water and here, is that no voluntary assignment can be sustained, by a public officer, of fees or salary yet to be earned.' See 5 C. J. 872, § 42.' '

This statement of the law we find to be correct.

■ Appellants, however, insist that the legislature of the state has declared a public policy contrary to the rule stated. By chapter 50, Session Laws of 1929, the legislature authorized the garnishment of salaries of public officers, deputies, clerks, and employees of the state of Arizona or any of its political subdivisions. In *State* v. *Roseberry*, 37 Ariz. 78, 289 Pac. 515, and in *State* v. *Surety Finance Co.*, 42 Ariz. 42, 21 Pac. (2d) 929, the provisions of such chapter were before this court and sustained. We said the public policy of the state which had theretofore exempted such salaries from garnishment was by this legislation abolished. Appellants reason that, if the state thought it proper and advisable to permit creditors of public officers to subject their salaries to the payment of their debts by garnishment, it *ipso facto* abolished the rule of public policy forbidding a public officer from assigning his unearned salary. The analogy is not correct. It should be borne in mind that by this legislation only earned salary may be garnished.

We think that the law is pretty generally settled that a public officer may assign his salary and confer upon the assignee the power to collect it after he has earned it. 4 Am. Jur., p. 264, § 46. In the case of *Kaminsky* v. *Good, supra,* the same reason was urged on the court to sustain the assignment and it was there said:

"Under section 258, Or. L., a county may be garnished. This statute is in derogation of the common-law rule inhibiting garnishing of the state or muni-

cipality, which was in force in this state prior to the adoption of that section; and that statute should not be construed so as to abrogate the existing rule against the assignment by public officers or employees of their unearned salaries."

We feel that the judgment of the lower court should be affirmed, and it is so ordered.

McALISTER, C. J., and LOCKWOOD, J., concur.