**DORA GIURDANELLA, Appellant**

v.

**ANTHONY GIURDANELLA**

No. 15,496

United States Court of Appeals

Third Circuit

Argued February 1, 1966

Decided March 21, 1966

*See, also, 358 F.2d 321*

HARRY DREIS, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

EVERETT B. BIRCH, ESQ. (BIRCH, MADURO & DEJONGH), St. Thomas, Virgin Islands, *for appellee*

Before MARIS, HASTIE and ALDRICH, *Circuit Judges*

MARIS, *Circuit Judge*

## OPINION OF THE COURT

In an action brought in the District Court of the Virgin Islands, the plaintiff, Dora Giurdanella, averred that the defendant, Anthony Giurdanella, her former husband, had breached a property settlement agreement in which he had agreed to make two payments of $2,000 each to her, one on March 16, 1963 and the other on January 16, 1964. The defendant, in answer to interrogatories, admitted having entered into the agreement and claimed that he had paid $900 thereunder. The plaintiff moved for summary judgment which the district court granted and judgment was entered in the plaintiff's favor in the amount of $3,100, together with costs and attorney's fees. The plaintiff sought to enforce the judgment against the defendant by a writ of execution attaching on May 26, 1965 in the hands of Chase Manhattan Bank the sum of $976.07 then due by the Bank to the defendant, its employee, as earned salary for the preceding month. The defendant filed a motion in the

district court to vacate the writ of execution, which motion the district court granted on the ground that there was no statutory provision in the Virgin Islands for the garnishment of wages. This appeal followed.

■ It is perfectly clear that the Virgin Islands Code authorizes a judgment creditor to attach a debt due by a third party to the judgment debtor.[1] The defendant contends, however, that the salary which was due and payable to him by the Bank for past services to it was not a debt

---

[1] Section 471 of title 5, V.I.C., confers upon a judgment creditor the right to have a writ of execution issued for the enforcement of his judgment. Section 472 of Title 5, V.I.C., authorizes execution against the property of the judgment debtor. Sections 480 and 481 of Title 5, V.I.C., provide in pertinent part:

"§ 480. Levy on property

"When a writ of execution is against the property of the judgment debtor, it shall be executed by the marshal as follows:

. . .

"(4) Property shall be levied on in like manner and with like effect as similar property is attached, as provided in sections 256, 257, and 265 of this title, . . ."

"§ 481. Property in possession of garnishee

"In the case of property . . . owing from any garnishee mentioned in section 265 of this title, the marshal shall proceed as follows:

"(1) If it appears from the certificate of the garnishee that he owes a debt to the judgment debtor, which is then due, if such debt is not paid by such garnishee to the marshal on demand, he shall levy on the property of the garnishee for the amount thereof, in all respects as if the execution was against the property of the garnishee. But if such debt is not then due, the marshal shall sell the same according to the certificate, as other property.

. . ."

Sections 256, 257 and 265 of Title 5, V.I.C., which are incorporated by reference in the foregoing sections, provide in pertinent part as follows:

"§ 256. Execution of writ

"The marshal to whom the writ is delivered shall execute the same without delay, as follows:

. . .

"(3) Other personal property shall be attached by leaving a certified copy of the writ, and a notice specifying the property attached, with the person having possession of the same, or if it be a debt, then with the debtor, . . ."

"§ 257. Priority of plaintiff's rights; liability of third persons

. . .

"(b) From the time of the service of a copy of the writ and notice until the attachment is discharged or any judgment recovered by the plaintiff is satisfied, any person, association or corporation mentioned in paragraph (3) of section 256 of this title shall be liable to the plaintiff for the amount of the . . . debts specified in the notice, unless such . . . debts are . . . paid to the marshal."

"§ 265. Garnishment; certificate; order for examination of garnishee

"(a) Whenever the marshal with a writ of attachment against the defendant, applies to any person or officer mentioned in paragraph (3)

477

within the meaning of the Code and that even if it was a debt it was not subject to attachment. We do not agree with either contention.

 In support of his contention that a sum due for past services is not a debt the defendant cites Troy Laundry & Machinery Co. v. City of Denver, 1898, 11 Colo. App. 368, 53 Pac. 256. But that case was directed to the question whether under the Colorado statute salary due a city official was subject to garnishment. In deciding that a public official's salary was not subject to garnishment the court relied largely upon grounds of public policy and upon its belief that the liability of the city to one of its officers for payment of the salary fixed by law did not grow out of a contractual relationship. The doctrine of the Troy Laundry & Machinery Co. case was rejected by the Supreme Court of Washington in Hanson v. Hodge, 1916, 92 Wash. 425, 159 Pac. 388, 390, the court saying: "The argument in the Colorado cases, based upon the assertion that the salary of a public officer is not a debt, seems to us technical in the extreme. It may not be a debt in the sense that it could have been made the subject of an action in debt or indebitatus assumpsit at common law, but after the salary is earned it is none the less money due in a sum certain and owing, and no amount of argument can make it anything else." We are in full accord with this view. It applies, a fortiori, to salary due and owing for past services under a private contract of employment, such as is involved in the present case. Such unpaid salary constitutes a debt within the meaning of sections 256, 257, 265 and 481 of title 5 of

---

of section 256 of this title, for the purpose of attaching any property mentioned therein, such person or officer shall furnish him with a certificate designating the amount and shall give a description of . . . any debt owing to the defendant, . . .

. . .

"(c) Personal property mentioned in paragraph (3) of section 256 of this title may be . . . paid to the marshal without an action, and his receipt shall be sufficient discharge.
. . ."

the Virgin Islands Code. In the absence of a statutory exemption such a debt may be reached by garnishment the same as any other debt. United States v. Miller, 3 Cir. 1956, 229 F.2d 839; Crook v. L. H. Brooks Co., Tenn. 1939, 124 S.W.2d 259; 38 C.J.S. Garnishment § 115. And see 5 V.I.C. § 479.

■■ The property of a judgment debtor which is exempt from execution in the Virgin Islands is described in sections 478 and 479 of Title 5 of the Virgin Islands Code. Section 478 provides for the exemption of the homestead and section 479 recites the other kinds of property which are exempt, as follows:

"§ 479. Exemption of other property from execution

"(a) All property other than the homestead, including franchises or rights or interests therein, of the judgment debtor shall be liable to an execution, except as in this section provided. The following property shall be exempt from execution if selected and reserved by the judgment debtor or his agent at the time of the levy, or as soon thereafter before sale thereof as the same shall be known to him, and not otherwise:

"(1) Necessary wearing apparel owned by any person for the use of himself or his family, except that watches or jewelry shall not be exempt by virtue of this subdivision.

"(2) The tools, implements, apparatus or library necessary to enable any artisan, mechanic or professional person to carry on the trade, occupation or profession by which such person habitually earns his living.

"(3) The following property, if owned by the head of a family and in actual use or kept for use by and for his family, or when being removed from one habitation to another on a change of residence: Household goods, furniture, and utensils to the value of two hundred dollars.

"(4) All property of any public corporation or the government of the Virgin Islands.

"(b) No article of property or if the same has been sold or exchanged, then neither the proceeds of such sale nor the articles received in exchange therefor, shall be exempt from execution issued on a judgment recovered for its price."

It will be observed that sums due and owing as salary or wages earned for past services are not included in the list of exempt property. The legislative history of section 479 demonstrates conclusively that the omission was deliberate and that the Colonial Councils in 1921 when they enacted the predecessor of Section 479 must have intended not to exempt such earned salaries and wages from execution.

Section 479 of title 5 of the Virgin Islands Code was based, as the revision note states, on Title III, chapter 30, section 9,[2] of the 1921 Codes of St. Croix and of St. Thomas and St. John. No changes material to the question now before us were made in the codification. The 1921 codes were in turn based upon the laws of Alaska, as we have heretofore pointed out. Burch v. Burch, 3 Cir. 1952, 2 V.I. 559, 571, 195 F.2d 799, 805. Section 9 of chapter 30, Title III, of the 1921 Codes was quite obviously based on section 1105 of the Compiled Laws of Alaska, 1913, which as enacted in 1913 is set out in the margin.[3] For upon com-

---

[2] "Section 9.—All other property, including franchises or rights or interests therein, of the judgment debtor shall be liable to an execution, except as in this section provided. The following property shall be exempt from execution if selected and reserved by the judgment debtor or his agent at the time of the levy, or as soon thereafter before sale thereof as the same shall be known to him, and not otherwise:

"First. Necessary wearing apparel owned by any person for the use of himself or his family: Provided, watches, or jewelry shall not be exempt by virtue of this subdivision;

"Second. The tools, implements, apparatus or library necessary to enable any artisan, mechanic or professional person to carry on the trade, occupation or profession by which such person habitually earns his living;

"Third. The following property, if owned by the head of a family and in actual use or kept for use by and for his family, or when being removed from one habitation to another on a change of residence: Household goods, furniture, and utensils to the value of twenty dollars;

"Fourth. All property of any public or municipal corporation;

"Fifth. No article of property or if the same has been sold or exchanged, then neither the proceeds of such sale nor the articles received in exchange therefor, shall be exempt from execution issued on a judgment recovered for its price."

[3] "SEC. 1105. All other property, including franchises or rights or interests therein, of the judgment debtor shall be liable to an execution, except as in this section provided. The following property shall be exempt from execution if selected and reserved by the judgment debtor or his agent

paring the text of these sections of the two statutes it will be observed that every sentence, indeed nearly every word, in Title III, chapter 30, section 9, of the 1921 Virgin Islands Codes was taken verbatim from the Alaska law. In fact the only deviation of any significance from the language of the Alaska law which was used was the reduction of the exemption of household goods from $300 to $20.

Furthermore, in enacting the 1921 codes the Colonial Councils omitted from their draft several portions of section 1105 of the Alaska Compiled Laws which they evidently did not regard as appropriate for the Virgin Islands. Thus, for example, they omitted the exemption of sheep, cows, swine, teams of oxen, horses, mules, reindeer and dogs and church pews. And of controlling significance here

---

at the time of the levy, or as soon thereafter before sale thereof as the same shall be known to him, and not otherwise:

"First. The earnings of the judgment debtor, for his personal services rendered at any time within sixty days next preceding the levy of execution or attachment, when it appears by the debtor's affidavit or otherwise that such earnings are necessary for the use of his family supported in whole or in part by his labor;

"Second. Books, pictures, and musical instruments owned by any person, to the value of seventy-five dollars;

"Third. Necessary wearing apparel owned by any person for the use of himself or his family: *Provided*, Watches or jewelry exceeding in value the sum of one hundred dollars shall not be exempt by virtue of this subdivision;

"Fourth. The tools, implements, apparatus, team, vehicle, harness, or library necessary to enable any person to carry on the trade, occupation, or profession by which such person habitually earns his living to the value of five hundred dollars; also sufficient quantity of food to support such team, if any, for six months; the word 'team' in this subdivision shall not be construed to include more than one yoke of oxen, or a span of horses or mules, or two reindeers, or six dogs, as the case may be;

"Fifth. The following property, if owned by the head of a family and in actual use or kept for use by and for his family, or when being removed from one habitation to another on a change of residence: Ten sheep with one year's fleece or the yarn or cloth manufactured therefrom; two cows and five swine; household goods, furniture, and utensils to the value of three hundred dollars; also food sufficient to support such animals, if any, for six months, and provisions actually provided for family use and necessary for the support of such person and family for six months;

"Sixth. The seat or pew occupied by the head of a family or his family in a place of public worship;

"Seventh. All property of any public or municipal corporation;

"Eighth. No article of property, or if the same has been sold or exchanged, then neither the proceeds of such sale nor the articles received in exchange therefor, shall be exempt from execution issued on a judgment recovered for its price."

481

is the fact that they omitted in toto subdivision First of the Alaska law which expressly exempted earnings of the judgment debtor for services rendered within 60 days when needed for the support of his family.

By the Act of April 18, 1919, Sess. L., ch. 8, the Legislature of Alaska limited further the exemption of earnings from execution by amending subdivision First of section 1105 of the Compiled Laws of Alaska, 1913, to read as follows:

"First. The earnings of the judgment debtor, for his personal services rendered at any time within thirty days next preceding the levy of execution or attachment, to the amount of one hundred dollars when it appears by the debtor's affidavit or otherwise that such earnings are necessary for the use of his family, supported in whole or in part by his labor."

Thus, the Virgin Islands Colonial Councils had before them language in two forms appropriate to grant an exemption of earned salary and wages but they adopted neither and instead omitted entirely from the codes which they enacted for the Virgin Islands the exemption which their statutory pattern, the Alaska law, had granted. The only possible conclusion to be drawn from this legislative history is that the Colonial Councils chose, as a matter of Virgin Islands public policy, to subject to execution any unpaid compensation of a judgment debtor which is due and payable at the time of attachment. As we have seen, no change in this regard was made by the Virgin Islands Code.

It follows that the sum of $976.07 which the Chase Manhattan Bank owed the defendant on May 26, 1965 as salary for past services was subject to attachment under the writ of execution which was served on the Bank on that date. The district court accordingly erred in vacating the writ.

The order of the district court will be reversed and the writ of execution reinstated.