479 P.2d 189

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., a corporation and member of National Union Insurance Companies, Appellant,**

v.

**TRUCK INSURANCE EXCHANGE, a corporation and member of Farmers Insurance Group, Appellee.**

**No. 1 CA–CIV 1297.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 7, 1971.

Rehearing Denied Feb. 2, 1971.

Review Granted March 2, 1971.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by James A. Teilborg, Phoenix, for appellant.

Lewis & Roca, by Michael J. LaVelle, Phoenix, for appellee.

JACOBSON, Presiding Judge.

This appeal seeks a determination of the present validity of an Arizona statute first enacted in 1927 allowing an insurer of rental vehicles to exclude coverage to a driver-lessee for injuries incurred by a passenger in the rented automobile.

Plaintiff-appellee, Truck Insurance Exchange, brought a declaratory judgment action against defendant-appellant, National Union Fire Insurance Company of Pittsburgh, Pa., to determine which insurance company owed the duty to defend Thomas Patrick Murphy. The question of defense arose out of an action brought by Toni Delores Hawthorne against Murphy arising out of an automobile accident involving a vehicle rented by Murphy from Temple Corporation, d/b/a Thrifty Rent-A-Car. Miss Hawthorne was a passenger in the rented automobile driven by Murphy. There being no factual dispute, the matter was determined in the trial court on cross-motions for summary judgment.

Prior to August 9, 1967, Truck Insurance had issued to Thrifty Rent-A-Car a truckmen's comprehensive insurance policy which covered persons and firms leasing vehicles from Thrifty Rent-A-Car for bodily injury and property damage. This policy of insurance contained an endorsement which excluded coverage of a lessee or driver of a rental vehicle with respect to any injuries sustained by a person riding as a passenger in the rented vehicle.

On August 9, 1967, Thomas Patrick Murphy, while driving a car rented from Thrifty Rent-A-Car, was involved in an accident in which his passenger, Toni Delores Hawthorne, was injured. At the time of the accident, Murphy had a policy of insurance issued by National Union which provided excess coverage while Murphy was driving a non-owned vehicle.

As a result of a suit filed by the passenger against Murphy, a controversy arose as to which insurer provided primary coverage and the obligation to defend, hence the declaratory judgment action. The trial court upheld Truck Insurance's restrictive endorsement and entered judgment in its favor.

The restrictive endorsement in the Truck Insurance policy is authorized by A.R.S. § 28–324. This statute, initially enacted in 1927, requires an owner of a motor vehicle leasing business, as a prerequisite to registration of motor vehicles used in the business to obtain "public liability insurance" from an approved insurance company. The specific authorizing language of this statute provides:

> "The policy of insurance required by this subsection shall cover any liability of the renter to any passenger in the rented motor vehicle *unless the owner gives the renter a written notice that the policy does not cover such liability."* (Emphasis added.)

That written notice of the limiting aspects of the Truck Insurance policy was given to Murphy, was evidenced by a document signed by him.

National Union makes two basic contentions on appeal:

> "(1) That ARS § 28–324 is void as against the public policy of this state, and
>
> "(2) That ARS § 28–324 has been repealed by implication by the enactment of the Arizona Safety Responsibility Act (ARS § 28–1141 et seq.).

As to the first contention, National Union has failed to cite any case which holds that the court can decree a legislative enactment void merely because it may be contrary to the court's current notion of that communal expediency known as "public policy." On the contrary, the Arizona courts have continually held that absent constitutional limitations, the legislature is the last arbiter of what is "good" public policy or the wisdom thereof. Harrison v. Laveen, 67 Ariz. 337, 196 P.2d 456 (1948).

> "Questions as to the wisdom of the law, as to its expediency or concerning the soundness of policy outlined therein must be addressed to the legislature." Roberts v. Spray, 71 Ariz. 60, 223 P.2d

808 (1950), cited in Bonnin v. Industrial Commission, 6 Ariz.App. 317, 432 P.2d 283 (1967).

*See also,* State v. Surety Finance Co., 42 Ariz. 42, 21 P.2d 929 (1933) wherein the Court states: "the matter of the public policy of the state is entirely in the hands of the Legislature, except as restrained by the Constitution."

We would be guilty of the most flagrant exercise of that justly maligned practice of judicial legislation to hold a statute invalid on the basis of judicially declared public policy. (See Ariz.Const. Art. III, A.R.S.) This we decline to do.

■ The reluctance with which courts undertake to void statutory enactments is evident when considering the legal principles involved in National Union's second contention—implied repeal. National Union argues that since the Safety Responsibility Act was enacted in 1951 and deals with the same subject matter—automobile insurance—as A.R.S. § 28–324, the 1927 enactment, the latter act, by implication repealed the former.

This argument is supplemented by National Union with a contention that Jenkins v. Mayflower Insurance Exchange, 93 Ariz. 287, 380 P.2d 145 (1963), made the omnibus insured clause of the Safety Responsibility Act a part of every automobile policy. Therefore, if the Safety Responsibility Act did not impliedly repeal A.R.S. § 28–324 by the express terms of the latter legislation itself, it has been impliedly repealed by the judicial interpretation of the scope of the Act.

Looking first to the implied repeal argument without the nuances of the Jenkins v. Mayflower contention, the general rule is that "repeals by implication are not favored, and will not be indulged, if there is any other reasonable construction." Rowland v. McBride, 35 Ariz. 511, 281 P. 207 (1929); Southern Pacific Co. v. Gila County, 56 Ariz. 499, 109 P.2d 610 (1941). Thus, different statutes bearing on the same subject matter are construed, if possible, to give effect to all of them. Ariz.

Corp. Com'n. v. Catalina Foothills Estates, 78 Ariz. 245, 278 P.2d 427 (1954). Moreover, it is only when no reasonable construction of both statutes can make them both operative, will the courts hold that the latter statute repeals the former. Burnside v. Douglas School District No. 27, 33 Ariz. 1, 261 P. 629 (1927).

With these remonstrances in mind, we will view the possible objective of both statutes to determine whether they can both be made operative. While both statutes deal with the general field of automobile insurance, it is clear that they are attempting to reach different evils resulting from the use of the highways by motor vehicles.

A.R.S. § 28–324 attempts to cover that area of the use of the highways by persons whose minimum financial assets may consist merely of the amount necessary to satisfy the rental agreement which places in their hands the motor vehicle whose use may cause potential damage. To this end the legislature made it *mandatory* for the owner of the rented vehicle to obtain public liability insurance before allowing that vehicle to be registered for use on Arizona Highways. In other words, public liability insurance is a prerequisite to doing business in Arizona as a lessor of motor vehicles. Failure by the owner to comply with this requirement can result in drastic consequences ranging from joint and several civil liability to criminal prosecution. A.R.S. § 28–324, subsecs. B & C.

On the other hand, the Arizona Safety Responsibility Act deals with a broader spectrum of the driving public and by its terms is couched in sanction arising prospectively from the damage-causing event. To avoid the sanctions of the Safety Responsibility Act, a driver need not even obtain insurance, if he can satisfy the Superintendent of Financial Responsibility of the Arizona Highway Department he is financially responsible for any damage which may be incurred by the specific act giving rise to the damage. A.R.S. § 28–1142. A.R.S. § 28–1170 requires that if insurance is obtained as proof of that financial respon-

sibility, the terms of that section must be incorporated within the policy of insurance. Neither the obtaining of insurance nor proof of financial responsibility is in any way made by the Act a prerequisite to obtaining a driver's license or registering a motor vehicle for use on the state's highways.

The obvious distinction between A.R.S. § 28–324 and the Safety Responsibility Act is that the former prohibits presumably financially irresponsible people from using the highways at all while the latter presumes an owner of a motor vehicle is financially responsible until he has committed an act giving rise to an inquiry into his financial status. We are not called upon to express an opinion as to the wisdom of such a distinction, but do hold that the distinction made is reasonable and that therefore both statutes can be given full force and effect without disruption to either. We therefore find no repeal of A.R.S. § 28–324 by implication.

National Union points to the glaring discrepancy between the amounts of insurance required by A.R.S. § 28–1170 ($10,000 and $20,000) and that required by A.R.S. § 28–324 ($5,000 and $10,000) in support of its arguments that the legislature intended a repeal of the earlier statute. The most that can be said for this argument is that the legislature, in its wisdom, has decided that less coverage is required by lessors of motor vehicles than by owners of motor vehicles. It must be assumed the legislature means what it says. We find no implied repeal based solely on differences in amounts of coverage.

What effect on automobile insurance policies issued to cover the A.R.S. § 28–324 situation does the following language from Jenkins v. Mayflower, *supra*, have?

"We hold, therefore, that the omnibus clause is a part of *every motor vehicle liability policy, by whatever name it may be called.* (Emphasis added.)

National Union's argument seems to be that under this language, Murphy is an omnibus insured and that his status as such

may not be restricted to exclude recovery by his passenger.

However, Murphy does not need the language of *Jenkins* to obtain the status of omnibus insured, he having acquired that status by the words of A.R.S. § 28–324, itself.

"A. No owner engaged in the business of renting * * * shall be permitted to register the motor vehicle until he has procured public liability insurance * * * *insuring the renter thereof* against liability arising from his negligence * * *.

\* \* \* \* \* \*

"'Renter' * * * includes any person operating a motor vehicle with permission of the person renting it."

National Union argues that this omnibus language, is not subject to limitations and is controlled by the principles set forth in *Jenkins* and its progeny. In support of this position it cites Atlantic National Insurance Co. v. Armstrong, 65 Cal.2d 100, 52 Cal.Rptr. 569, 416 P.2d 801 (1966) holding that a public liability insurance policy issued to an owner of a car rental business, could not proerly exclude from that policy, passengers riding in the rented vehicle. We note, however, as set forth in that opinion, that "no law permits the exclusion of liability for injuries sustained by all occupants of an insured automobile; therefore, the exclusion to that effect found in plaintiff's insurance policy violates Vehicle Code section 415 and is invalid." Arizona, to the contrary, does have such a law permitting such an exclusion under § 28–324.

For this reason we believe the case of Stearns v. Hertz Corp., 326 F.2d 405 (8th Cir. 1964), is more persuasive. In that case, the United States Court of Appeals of the 8th Circuit was interpreting the law as it existed in Illinois concerning the exact fact situation present in the case before us. Illinois has a statute similar to the Arizona statute requiring an owner of a rental vehicle business, prior to registration of his vehicles, to provide public liability insurance, however, allowing the ex-

clusion of coverage of the driver for injuries incurred by passengers of the rented vehicle. The *Stearns* decision held that the omnibus coverage requirements of the Illinois Safety Responsibility Law does not apply to a policy of insurance complying with the Illinois statute excluding coverage of passengers of rented vehicles.

We therefore hold that A.R.S. § 28–324 is a valid exercise of legislative power, and has not been repealed by implication. The exclusion clause for injuries sustained by a passenger of the rented vehicle is therefore a valid provision in an insurance policy written in conformity with that statute.

The judgment of the trial court is affirmed.

EUBANK and HAIRE, JJ., concur.